## S. P. JONES v. UNITED STATES & MEXICAN TRUST COMPANY.

### Decided November 7, 1907.

**Receiver—Allowance of Compensation—Interest.**

A receiver of a railway was not entitled to interest on the amount allowed him by order of the court as compensation for his services and to meet which he had funds on hand authorized by the order to be so used, but to provide for the emergencies of the business he had used them to improve the property, thereby postponing his own payment.

Appeal from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*S. P. Jones,* for appellant.—The order allowing the receivers compensation was a final, valid judgment of the court, and has never been set aside, and under the statutes said judgment bears interest at the rate of 6 percent per annum. Revised Statutes of Texas, art. 1305; Townsend v. Smith, 20 Texas, 465; 22 Cyc. of Law and Proc., page 1505; 22 Cyc. of Law and Proc., pages 1515, 1516, 1519; Hepburn v. Dunlock (U. S.), 1 Wheaton, 179; Ramsey v. Thomas, 14 Texas Civ. App., 431; Finley, Admr., v. Carothers, 9 Texas, 517; Coles v. Kelsey, 13 Texas, 77.

A judgment for costs bears interest under the terms of a statute providing that all judgments shall bear interest. Kennedy's Estate, 94 Cal., 22; 29 Pac. R., 412; Bates v. Wilson, 18 Colo., 287; 32 Pac. R., 615; Linck v. City of Litchfield, 31 Ill. App., 104; Palmer v. Glover, 73 Ind., 529; Whelpley v. Nash, 46 Mich., 25; N. W. R., 570; 99 Mich., 262; 58 N. W. R., 59; Mumford v. Hawkins, 5 Denio, 355 (N. Y. case allowing interest where costs had been taxed); Emmett v. Brophy, 42 Ohio State, 82; Wetherill v. Stillman, 65 Pa., 105; Garland's Adm. v. Garland, 24 S. E., 505 (Va.).

*Cook & Gossett,* for appellee. The allowance to the receiver is not a judgment. Arts. 1337, 1472 and 1493, Sayles' Texas Civil Statutes, 1897; Heffron v. Gage, 44 Ill. App., 147; Espuella Co. v. Bindle, 11 Texas Civ. App., 262.

A receiver's compensation is paid out of the funds in the hands of the court and such funds are always under the control of the court, and it is for the court to say upon what terms it will pay out the same.   Rev. Stats., art. 3097; Thomas v. Western Car Co., 149 U. S., 95 (37 L. E., 663); Bates v. American Bldg. Asso., 56 C. C. A., 620 (120 F. R., 1018).

HODGES, ASSOCIATE JUSTICE.—The appellant, S. P. Jones, was the receiver of all the property of the Texas Southern Railway Company, having been appointed at the instance of the appellee on the 11th day of July, 1904.   No compensation was fixed by the court for his services till on the 7th day of December, 1905, at which time, and during a special term, the court made an order allowing appellant the sum of ten thousand dollars ($10,000), and directed that it be classed as court costs and be placed in class "A" of the classification claims as fixed by the final judgment of the court. It was also provided in said order that "Said allowance being superior to the mortgage bonds, that said receiver pay the said allowance out of any money he may have on hand.   In making said partial allowance herein the rights of said receiver to the full amount of his claims are not passed upon and are in no way affected."   In that order the court reserved the right to adjudge the above allowance against the corpus of the property or against the earnings of the receiver, as may be made to appear proper.

It was proven on the trial of this cause in the court below that within 30 days after the above allowance was made, the appellant, as receiver, had on hand money out of which this allowance could have been paid under the order of the court granting the same; that on account of the physical condition of the property being bad at the time of the appointment of the receiver, it was necessary to expend large sums of money in improving the roadbed and equipment, and that appellant used the funds out of which his allowance could have been paid in making the aforesaid improvements.   The gross earnings of the road were used in paying operating expenses and improvements.   It was also shown that no part of this allowance was appropriated by the appellant until at a date not specified, but during the year 1906, when another order was made allowing payment to be made in the sum of two thousand dollars ($2,000) per month.   Under this last mentioned order all of the allowance was paid except four thousand dollars ($4,000).

It was further shown that during every sixty days after said allowance was made there were funds in the hands of the appellant, subject to be appropriated by him for said allowance, but that on account of the bad physical condition of the property in his custody, the funds were used by him in making permanent and necessary improvements instead of paying the allowance, so that the road might be kept as a going concern and be operated with reasonable dispatch for the benefit of the public.   It was ascertained that the earnings of the road above operating expenses amounted to the sum of four thousand dollars ($4,000) per month.

On the — day of May, 1907, appellant filed an application in

the District Court for interest on the allowance theretofore made to him on the 7th day of December, 1905. He set forth in his application the reason why said allowance had not been paid out of the funds in his hands that might have been so applied, which were the facts above enumerated as to the physical condition of the property.

On the 27th day of June the court refused the application; from that order of refusal the appellant prosecutes this appeal.

Appellant, by appropriate assignments of error, challenges the correctness of this order refusing to allow interest, claiming that the order made on the 7th day of December, 1905, was a final judgment within the meaning of art. 3105 of the Revised Civil Statutes, providing the rate of interests that final judgments shall bear. If the judgment of that date comes within the class referred to in art. 3105 of the Revised Statutes, then six percent interest would follow as a legal consequence, and no further order of the court would be necessary to authorize its collection, or retention out of the assets of the company then in the hands of the receiver. A judgment creditor is never required to apply to the court rendering the judgment for an additional decree to enable him to collect interest on a judgment rendered in his favor. The interest is as much a part of the judgment as the principal sum, and its collection is enforced by the same means. If the appellant had alleged and shown that he was no longer receiver of the company, and that the funds out of which the payment of the allowance could have been made were in the hands of another person as receiver, and that the latter had refused to pay him interest on the order of allowance, a different case would have been presented. But no such allegations and proof are in the record. For aught that the record shows to the contrary, appellant is still the receiver, and has control as such, of the funds available for the payment of his allowance made in December, 1905.

The order of December 7, 1905, either was such a judgment as is intended by the provisions of art. 3105 to bear interest from its date, or it was not. If it was, then the appellant has not alleged facts which entitle him to relief, in that he has not shown that he was in any way prevented from the retention or the collection of the interest when attempted through the proper channel. If it was not such a judgment, then the appellant is in effect appealing merely from an order refusing an additional allowance applied for in the way of interest. If the latter be the case the appellant has still failed to show that he is entitled to any relief, by failure to allege and prove that the court abused its discretion and made an inadequate allowance in the first instance. No complaint is made whatever of the insufficiency of the $10,000 being inadequate compensation; and in the absence of this, we must assume that it was sufficient.

Article 3105 of the Rev. Civ. Stats. provides: "All judgments of the several courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears

a specified interest greater than six percent and not exceeding ten percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment."

But there are other reasons why we do. not think the appellant is entitled to recover interest on the allowance made him by the court. ·A receiver is simply an officer of the court. His duties are such as may be required of him by the court administering the estate, under the provisions of law. The law does not prescribe what his compensation shall be, or provide that he shall receive any. This matter, however, is left to the discretion of the court under which he receives his appointment, and the latter has the power to make such allowance as will be reasonable and adequate, considering the duties required. The compensation thus allowed him is classed as court costs, and is in the same group with the fees of the sheriff and clerk of the court. Espuella Land & Cattle Co. v. Bindle, 32 S. W., 582. He is not a creditor of the estate, whose claim arose before the receivership .began and by virtue of some preexisting obligation. The order of the court does for him merely what the statute does for the other officers; hence, he does not stand in the same attitude that the owner of a claim against the estate of decedent does. The statute has prescribed the manner by which the holder of a claim against the estate of minors and deceased persons shall be adjudicated, but those special provisions are not intended to furnish a rule for fixing the rights of officers of the court whose claims consist of fees earned during the progress of the administration. Whatever may be the rule in other States, none has been established in this State, so far as we have been able to gather from the various decisions of our courts, allowing interest on costs. In fact, the contrary doctrine is laid down in Ghent v. Boyd, 43 S. W., 891. It can not be said that appellant would be entitled to interest upon his allowance any more than the sheriff or the clerk would have been upon the fees which they had earned up to that time. As said by the Supreme Court of the United States, in Thomas v. Western Car Company, 149 U. S., 116, "We can not agree that a penalty in the name of interest should be inflicted upon the owners of the mortgage lien for resisting claims which we have disallowed. As a general rule, after property of an insolvent passes into the hands of a receiver, or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in the distribution is the act of the law; it is a necessary incident to the settlement of the estate." The rule there announced is especially applicable to claims, in the nature of fees and costs, which arise during the administration and by reason of it. Bates v. American Bldg. Asso., 56 C. C. A., 620, 120 Fed., 1018.

Article 3097 of the Rev. Civ. Stats. defines interest as "the compensation allowed by law, or fixed by the parties to a contract, for the use or forbearance or detention of money." Our Supreme Court, in construing this article, says: "According to this article, as we analyze it, the use of money referred to is that which is contracted

ror when the loan is made. The forbearance occurs when there is a debt due, or to become due, and the parties agree to extend the time of payment. The detention of money arises in a case when a debt has become due, and the debtor withholds its payment, without a new contract giving him a right to do so. It follows, therefore, that what would have been deemed a penalty under the common law is made interest under our statute." Park v. Lubbock, 92 Texas, 635. In order for judgments to come within this rule where interest is permitted, reason would teach that they should be of that class based upon contracts to pay interest, or where the money for which the judgment is rendered is wrongfully withheld from the party to whom it is rightfully due. Does the order in this case come within that rule? We think not. Here the court in effect directed the sum which the receiver might retain out of assets available for the purpose then in his possession. Article 1472 of the Rev. Civ. Stats provides: "All moneys that may come into the hands of a receiver as such receiver shall be applied as follows: First, to the payment of all court costs of the suit; second, to the payment of wages of employees due by the receiver; third, to the payment of debts due by the receiver for material and supplies purchased during the receivership by the receiver for the improvement of the property in his hands as receiver." Then follow other classifications of funds for the payment of various debts and claims against the property in his hands, and it concludes as follows: "And said claims shall have a preference lien on all moneys coming into the hands of the receiver which are the earnings of the property in his hands, and the court shall see that the money coming into the hands of the receiver, as earnings of the property in his hands, is paid out on the claims against said receiver in the order of their preference as named above, and it shall be the duty of the receiver to pay the funds in his hands, which are the earnings of the property while in his hands as receiver, in the order of preference as named above." The testimony shows that the earnings of the road in the appellant's hands amounted to $4,000 per month, above the operating expenses. This amount at least was available each month for the payment of his fees and other court costs. Taking into consideration that appellant had been appointed considerably more than a year prior to his allowance of ten thousand dollars, there appears no occasion for him to defer the collection of his fees. The court, in making the allowance in the first instance, did not make it an allowance against the corpus of the property, but expressly reserved the right to determine later whether it should be against the corpus or the earning of the company. The record is silent as to whether or not any other order upon that subject was made afterward. The allowance will, therefore, by virtue of the statute above quoted, be assumed to have been made against the earnings, and was evidently intended by the court to be paid out as they accumulated, and not before.

The order of the court of December 7, 1905, shows upon its face that it was not intended to be a final determination of what the receiver should be entitled to retain as his compensation, but it is

especially designated as a "partial" allowance. The inference is logical that the court contemplated making other and additional allowances, according to what appeared to be reasonable.

In his second assignment of error appellant complains of the refusal to allow him interest on the ten thousand dollars, "because the judgment directed the receiver to pay this judgment out of any funds that might come into his hands as receiver from the operation of said property, and because the evidence showed that within thirty days after the allowance was made the receiver had funds on hand out of which the allowance was payable under the terms of the order." The facts show that appellant was the receiver appointed by the court, and there is nothing in the record to advise us that he had been relieved of those duties at the time those funds became available for the payment of his allowance. We can, therefore see no reason why the funds were not so applied unless it be, as shown by the statement of facts, that they were used in improving and operating the road for the benefit of the public. This may have been a patriotic and laudable purpose on the part of the receiver; but insofar as it sought to create a claim against the property in his hands for interest on funds used in that way, was without authority of law. Appellant had no legal right to borrow money from others to be used in the operation of the road, or in the improvement of its physical condition, without an order of the court to that effect; certainly he can not be permitted to use his own money in that manner and ask for compensation in the way of interest. Following the principle announced in Thomas v. Western Car Co., supra, we do not think it just that a penalty "In the name of interest" should be inflicted upon the owner of the property, or its creditors, because the receiver failed of his own accord to appropriate what the court had allowed him.

We think there was no error in the judgment of the court, and it is accordingly affirmed.

Justice Levy not sitting.

*Affirmed.*