## FERGUSON v. FERGUSON.
### No. 1290.

Court of Civil Appeals of Texas. Eastland.
Dec. 8, 1933.

Rehearing Denied Jan. 5, 1934.

See also 121 Tex. 119, 45 S.W.(2d) 1096, 79 A. L. R. 1163.

Vern D. Adamson, of Dallas, F. L. Henderson, of Bryan, Radford Byerly, of Howe, and T. R. Odell, of Haskell, for appellant.

Davis & Davis and Robertson & Murchison, all of Haskell, and E. V. Hardwick, of Stamford, for appellee.

HICKMAN, Chief Justice.

Upon the petition of appellee, Joe Lee Ferguson, and after notice and a hearing, the court below appointed J. V. Hudson receiver of all the property belonging to the estate of Kate F. Morton, deceased. Immediately after the judgment was entered appointing the receiver, appellant filed a motion to vacate and set aside the receivership, which was overruled, and from which order overruling same an appeal was perfected to this court.

The petition seeking the appointment of a receiver is very long, but for the purpose of this opinion it will be sufficient to epitomize same as follows: Appellant, A. M. Ferguson, was sued individually and in his capacity as temporary administrator of the estate of Kate F. Morton, deceased. It was alleged that Mrs. Morton was the owner of an estate consisting of both real and personal property of the probable value of $250,000, all of which was disposed of by her in her will, which had been admitted to probate in the county court of Haskell county; that appellant and appellee were the principal legatees and devisees under such will; that appellant and appellee had theretofore been appointed joint temporary administrators of the estate, but appellee had ceased to act in that capacity, leaving appellant the sole temporary administrator; that there had been a contest over the validity of the will, which had been determined in favor of its validity in June, 1932;

that thereafter appellant was appointed permanent administrator, but had failed and refused to qualify as such by furnishing the bond required in the order of appointment; that later one R. C. Montgomery was appointed permanent administrator by the county court of Haskell county, and appellant was removed as temporary administrator, from which last order appellant appealed to the district court. Follow then recitals concerning an arbitration proceeding conducted between the parties in this case, the details of which need not be here recited. It was alleged in general terms that, by appellant's action in filing exceptions and objections to the award of the board of arbitration, he had forfeited to appellee $25,000 of his portion of the estate, as provided for in the agreement for arbitration, and judgment was sought for this amount. However, an exception to that portion of the petition was sustained, and is not before us for consideration. It was further alleged that there was then pending in the district court of Haskell county, on appeal from the county court of that county, some 14 cases between the parties hereto, in most of which appellant herein is the appellant. The petition recited that there was then pending in our court on appeal from the district court a case involving the construction of a clause in the will of Mrs. Morton, known as the "hospital clause"; that the only reason existing when the petition was filed rendering it impossible at that time to close the estate and make partition of the property among the legatees and devisees was the fact that the case involving the construction of the will had not been finally determined. Wherefore plaintiff says: "That a receiver should be appointed to take charge of and preserve the status quo of the property of said estate until the appeal of said will construction suit can be disposed of, and when said will has been finally construed, then said estate should be partitioned in this court in accordance with the terms and provisions of said arbitration award."

The only relief granted in the judgment was the appointment of a receiver, with a corresponding order to appellant to turn over to the receiver all the property belonging to the estate. The petition originally sought judgment against appellant for $25,000, but the allegations with reference thereto were general, and the court sustained a special exception to them on that account. Appellee acquiesced in the ruling of the court on this exception, and has filed no cross-assignment here. With that portion of the petition stricken therefrom, it became only a suit in the district court for the appointment of a receiver to administer the estate of a deceased person who had died testate, and whose will had been probated in the county court, where the estate was being administered. The petition affirmatively disclosed that appellant had been the legally appointed temporary administrator, and that an appeal was then

pending in the district court from an order of the county court winding up the temporary administration and appointing a permanent administrator.

The controlling question of law presented relates to the jurisdiction of the district court to make the appointment.

By article 5, § 16, of the Constitution, jurisdiction in probate matters is conferred upon the county court. This jurisdiction is exclusive. Section 8 of the same article of the Constitution confers upon the district court appellate jurisdiction in matters of probate. The latter court is without jurisdiction to interfere with, or by its process to prevent, the administration of an estate by the county court. The petition discloses that the county court has actually assumed active jurisdiction of the administration of Mrs. Morton's estate, and that by its order it has appointed a permanent administrator thereof. The only reason that order is not now effective is that an appeal therefrom is pending in the district court. In the event the latter court should affirm the order of the former, and the permanent administrator should qualify there would be nothing for him to administer, if the judgment in the instant case should be upheld and the property be placed in the hands of the receiver. It is therefore obvious that the effect, and sole effect, of the order appointing the receiver is to transfer the administration of the estate from the county court to the district court as one of original jurisdiction. To do so would contravene the Constitution. Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383; Van Grinderbeck v. Lewis (Tex. Civ. App.) 204 S. W. 1042; Becknal v. Becknal (Tex. Civ. App.) 296 S. W. 917; Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 11 S.W.(2d) 814; Miller v. Valley Building & Loan Ass'n (Tex. Civ. App.) 29 S.W.(2d) 865.

Appellee relies upon the case of Griggs v. Brewster (Tex. Sup.) 62 S.W.(2d) 980. It is held in that case, in line with prior holdings by our Supreme Court, that, when the suit involves controversies and issues for the settlement of which the jurisdiction of the county court is inadequate, then the district court has jurisdiction and may grant the necessary relief. That is a well-established exception to the general rule, relating to the exclusive nature of the jurisdiction of the county court in probate matters. This court had occasion to apply it in the cases of Ramsey v. Abilene Building & Loan Ass'n, 57 S.W.(2d) 877, and Jones v. Hunt, 60 S.W.(2d) 1106. But, as stated by the Supreme Court in Schmidtke v. Miller, 71 Tex. 103, 8 S. W. 638: "The administration of estates is vested in the probate courts organized specially for that purpose. Interference with this jurisdiction by other courts has not been favored, and exceptions to it are but cautiously allowed."

To the same import is the following language from the opinion in Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 566, 196 S. W. 501: "This is a jurisdiction auxiliary and ancillary to that of the Probate Court. In some extraordinary instances it may be corrective. It is to be exercised only in special cases, but it nevertheless exists."

The allegations of the petition in the instant case do not bring it within this special exception. The jurisdiction of the county court to administer this estate is quite adequate. No facts are alleged presenting any issues except the administration and distribution of the estate. Of such matters the jurisdiction of the county court is exclusive.

The trial court erred in appointing the receiver, and its judgment, therefore, will be reversed, and judgment here rendered dissolving the receivership.