## FERGUSON v. MAUZEY et al.
## No. 1338.

Court of Civil Appeals of Texas. Eastland.

Feb. 9, 1934.

Rehearing Denied March 30, 1934.

See, also, Ferguson v. Ferguson (Tex. Civ. App.) 69 S.W.(2d) 592.

T. R. Odell, of Haskell, and Le Roy Paddock and Vern D. Adamson, both of Dallas, for relator.

E. V. Hardwick, of Stamford, and Davis & Davis, W. H. Murchison, Jr., and F. M. Robertson, all of Haskell, for respondents.

HICKMAN, Chief Justice.

This is an original application for mandamus filed in this court by A. M. Ferguson, individually and in his capacity as temporary administrator of the estate of Kate F. Morton, deceased, against the Hon. A. S. Mauzey, district judge of the thirty-second judicial district, sitting in the district court of Haskell county by exchange of benches with the Hon. Clyde Grissom, judge of said court, and also against Mrs. Lois Earnest Post, clerk of the district court of Haskell county, and J. V. Hudson. The application alleges in substance that, by a judgment dated the 25th day of October, 1933, the district court of Haskell county, Judge A. S. Mauzey sitting, appointed J. V. Hudson receiver of all the property belonging to the estate of Kate F. Morton, deceased. That an appeal was prosecuted to this court, and by our judgment entered therein on December 8, 1933, we reversed the judgment of the trial court and dissolved the receivership. The case was numbered 1290 on the docket of this court, styled A. M. Ferguson v. Joe Lee Ferguson and reported in 66 S.W.(2d) 755. Motion for rehearing was by us overruled and no writ of error to the Supreme Court was prosecuted. Our judgment has, therefore, become final. The costs of the appeal have been paid by relator and mandate issued and returned to the trial court.

The application alleges the foregoing facts and then alleges that the receiver, J. V. Hudson, has refused and still refuses to deliver said property to the relator until ordered and directed to do so by the Hon. A. S. Mauzey. It is further alleged that a motion was filed in the court below and presented to Judge Mauzey praying for an order upon the receiver to turn over to relator, as temporary administrator, all the property belonging to said estate and in the possession of said receiver, which motion has been in effect denied. The relief sought in this court is a writ of mandamus directed to the Hon. A. S. Mauzey, district judge, J. V. Hudson, and Lois Earnest Post, clerk, directing them immediately to do each and every act necessary to have the judgment and the decree of this court enforced, and directing Judge Mauzey to enter an order to the said J. V. Hudson, receiver, directing him without delay to return and deliver said property to relator.

It is unnecessary to set out in detail the answers of the respondents. Among other allegations of the answer filed by Judge Mauzey is the following in substance: That heretofore in cause No. 4380 on the docket

of the district court of Haskell county the court rendered judgment approving and adopting as the judgment of the court the report of a board of arbitration partitioning and dividing the estate of Kate F. Morton, deceased, between A. M. Ferguson and Joe Lee Ferguson, the residuary legatees. That no supersedeas bond has been filed in that cause, and Joe Lee Ferguson has filed in the district court of Haskell county an application asking that the receiver turn over the property to him and to A. M. Ferguson, respectively and individually, in accordance with the award made by the board of arbitration. A desire is expressed by Judge Mauzey to be instructed as to his duties in the premises, and he specially disclaims any intention of disobeying the mandate of this court. Some interesting questions of law are presented in the answers of respondents, but for the reasons below assigned, we shall not discuss them at this time.

■ This court has this day released an opinion styled A. M. Ferguson v. Joe Lee Ferguson et al., 69 S.W.(2d) 592, involving the same property which is involved in this suit. In that case A. M. Ferguson, relator herein, sought an original injunction and mandamus in this court staying the execution of the judgment rendered in the district court of Haskell county in cause No. 4380, adopting the report of the board of arbitration, and, further, seeking mandamus against Lois Earnest Post, district clerk, commanding her to issue a writ of supersedeas to stay the execution of said judgment pending an appeal therefrom to this court. That application was based upon the contention that a supersedeas bond had been filed and approved in cause No. 4380. As is reflected by our opinion, the application was denied. The effect of that judgment is to authorize the sheriff to deliver to Joe Lee Ferguson the land awarded to him by said judgment. Were we to grant the mandamus prayed for in this suit, the effect thereof would be for us to issue two conflicting orders; the one authorizing the delivery of the land to Joe Lee Ferguson in accordance with the award of the board of arbitration, and the other directing the delivery of all of said property to A. M. Ferguson as temporary administrator. Both of these judgments could not be respected and executed. Manifestly, therefore, we cannot grant the relief prayed for herein.

■■ The application seeks a writ of mandamus against Mrs. Lois Earnest Post, district clerk, commanding her to issue an execution against Joe Lee Ferguson for costs paid in this court by relator as a condition precedent to having the mandate issued. The allegations in the application are supported by an affidavit attached thereto made by one J. W. Gidney whose connection with, or interest in, the litigation is not disclosed. That affidavit, omitting the formal part, is as follows:

"I, J. W. Gidney, of lawful age, being duly sworn, state that on January 24th, 1934, I delivered a copy of the following to the Clerk of the District Court of Haskell County, Texas, to-wit:

" 'Joe Lee Ferguson vs. A. M. Ferguson et al. No. 4394. In the District Court of Haskell County, Texas.

" 'To Mrs. Lois Post, Clerk of the District, Haskell County, Texas.

" 'Whereas on the 20th day of January, mandate was duly returned in the above entitled and numbered cause and all costs was by the Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas, adjudged against Joe Lee Ferguson all of which you have due and legal notice.

" 'Now, Therefore, A. M. Ferguson, defendant in the trial and appellant in the Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas, in his individual capacity and in the capacity of temporary administrator of the estate of Kate F. Morton, deceased, hereby requests and demands that you as Clerk of the District Court of Haskell County issue writ of execution against Joe Lee Ferguson for all costs in this cause expended, instanta.

" 'A. M. Ferguson, Individually.
" 'A. M. Ferguson, Temporary
Administrator of the estate
of Kate F. Morton, deceased.

" 'Haskell, Texas.
" 'January 24, 1934.'

"And that on delivery thereof I requested the said Clerk of the District Court to deliver possession of said execution to me in order that I might deliver the same to the Constable of Haskell County, Texas for execution.

"In response to said written request, and to my verbal request the said clerk replied in substance, 'I will let you know tomorrow.' And did not deliver the execution to me this day, as requested."

This affidavit was dated on the 24th day of January, 1934, the same day that Mr. Gidney delivered the written request to the clerk to have the execution issue. It does not put Mrs. Post in default. It shows no re-

fusal on her part to issue an execution, but merely shows that she postponed the question for a day. We would not issue a writ of mandamus commanding an officer to perform an act unless it was shown that such officer had refused to perform an official duty.

Besides the application is addressed to the wrong court. If Mrs. Post refuses to issue execution for these costs, application should be made to the district court for an order directing her to do so. It is that court's duty to execute the judgment of this court after mandate has been returned.

For the reasons above assigned, the application for mandamus as to each party will be denied.