## FERGUSON v. FERGUSON.

No. 1439.

Court of Civil Appeals of Texas. Eastland.

May 10, 1935.

Rehearing Denied June 21, 1935.

See, also, 75 S.W.(2d) 275.

Le Roy Paddock and Jas. C. Anderson, both of Howe, for appellant.

E. V. Hardwick, of Stamford, and F. M. Robertson and Davis & Davis, all of Haskell, for appellee.

HICKMAN, Chief Justice.

A. M. Ferguson, individually, brings this case here by writ of error, and, as temporary administrator of the estate of Kate F. Morton, deceased, brings same by direct appeal, but, for convenience, he will be referred to in both capacities as appellant, and Joe Lee Ferguson will be referred to as appellee. The conclusions announced in this opinion can be better understood from a recital of the history of this involved litigation. The parties are the principal beneficiaries under the will of Kate F. Morton, deceased. On September 17, 1932, they entered into an arbitration and partition agreement, by the terms of which arbitrators were to be appointed with very broad and sweeping powers with reference to the adjustment of the many differences between them and looking to the final settlement of all controversies and the partition of the estate. The agreement contains the stipulation that, if either party thereto should neglect, fail, or refuse to adhere to the provisions thereof, or to carry into effect or abide by the award of the board of arbitration, he shall forfeit to the opposite party $25,000 as liquidated damages secured by and from his interest in the estate. The agreement was approved by the county court of Haskell county, in which court the administration was pending. Pursuant to the agreement a hearing was had by the board of arbitration at which a large volume of evidence was introduced. Later the award of the arbitrators was made the judgment of the district court. At the hearing in the district court, all of the evidence before the board of arbitration was introduced. From the judgment adopting the award as the judgment of the court, A. M. Ferguson, individually, prosecuted a writ of error to this court. On account of the unprecedented length of the statement of facts, and the difficulty of having same prepared, various extensions of time were granted by this court within which to file the record here. That case is now pending in this court unsubmitted. A. M. Ferguson, as temporary administrator, gave notice of appeal from that judgment, but not having filed his record within the time prescribed by law, and not having filed a motion for extension of time, the judgment was affirmed on certificate as against him in that capacity. The opinion of this court affirming that judgment on certificate is reported as Ferguson v. Ferguson, 75 S.W.(2d) 275. The Supreme Court refused his application for a writ of error. All suits then pending between the parties seem to have been merged with the arbitration proceeding, but the instant suit arose thereafter and was not, therefore, merged with it.

After the judgment of the district court adopting the award of the board of arbitration was entered, Joe Lee Ferguson instituted the suit out of which this appeal arose against A. M. Ferguson for $25,000, claiming that the latter had breached the stipulation of the arbitration agreement, above noted, to the effect that he would abide by the award. Ancillary to that suit, he sought the appointment of a receiver. The application for a receiver was granted, and an appeal from that order prosecuted to this court. By our opinion, reported as Ferguson v. Ferguson, 66 S.W.(2d) 755, we held that the allegations of the petition were insufficient to confer jurisdiction upon the district court to appoint the receiver, and we accordingly entered our order dissolving the receivership. In the meantime, J. V. Hudson had functioned as receiver under orders of the court. After the mandate of this court had been filed in the trial court in the receivership matter, a series of original proceedings were instituted by appellant in this court. Our opinion in the first of these original proceedings is reported as Ferguson v. Ferguson, 69 S.W.(2d) 592. The relief therein sought and denied was an injunction against Joe Lee Ferguson, the district clerk, and the sheriffs of two counties, enjoining the execution of a writ of possession issued by the trial court in accordance with the award of the arbitrators, which award had been adopted as the judgment of the court. It was contended that that judgment had been superseded. We concluded that the bond upon which the writ of error was prosecuted was not a supersedeas bond, and declined to enjoin the execution of the writ of possession. Our opinion in the next original proceeding is reported as Ferguson v. Mauzey, 69 S.W.(2d) 597. In that proceeding a mandamus was sought against Hon. A. S. Mauzey, district judge, and against Mrs. Lois Earnest Post, district

clerk, and J. V. Hudson, seeking to compel respondents to deliver possession of all property in the hands of J. V. Hudson to the relator, as temporary administrator. The relief there prayed for was denied for the reasons appearing in the opinion.

In the next original proceeding in this court no opinion was written. The relief sought there was a restraining order against the Honorable A. S. Mauzey, district judge, to prevent his passing upon other cases involving the estate of Kate F. Morton, deceased, until after he had entered an order returning the property from J. V. Hudson, receiver, to A. M. Ferguson, temporary administrator. That application was denied.

Followed then another proceeding—No. 1387 on the docket of this court—wherein a "writ of mandamus, writ of prohibition or writ in contempt of court directed to the Hon. A. S. Mauzey, District Judge," was sought. By that application it was prayed that this court issue a writ of mandamus to compel Judge Mauzey to enter an order turning over to the administrator all property of the estate held by the purported receiver, J. V. Hudson, and enjoining him from entering a certain order, it being the order from which the appeal in the present case is prosecuted, and which will be more fully noticed hereinafter. The relief sought in that application was denied.

From the foregoing recitals, it will be seen that repeatedly this court has denied the right of the temporary administrator to the possession of the property distributed by the award of the board of arbitration.

The instant appeal is from an order entered under the following circumstances: After the judgment of this court dissolving the receivership became final, the receiver made his final report. While these reports were pending for consideration, appellant filed his written objections to the court's acting thereupon, contending that the court had no jurisdiction to do so. This plea contained the prayer that the court discharge the receiver without approving any of his accounts, that each and every report of the receiver be disapproved, and that the court order said property returned to the temporary administrator. No other relief against the receiver or any one else was sought. With this pleading before it, and the reports of the receiver up for consideration, the trial court entered the order appealed from, finding that the report was accurate, true, and correct, approving same, and discharging the receiver. The court found from the evidence introduced that the only property of the estate coming into the possession of the receiver was approximately $2,700 in money and the lands, live stock, and farming implements belonging to the estate; that the balance of the estate remained in the possession and control of the temporary administrator. The court further found that all disbursements made by the receiver were made in payment of adjudicated and established claims against the estate of Kate F. Morton, deceased, together with accounts for operating the farms, all of which expenditures were made upon orders of the court and approved by the court at a former term. The court then found from the evidence introduced that the lands over which the receiver exercised control, together with the livestock and farming implements, had theretofore been vested in A. M. Ferguson and Joe Lee Ferguson, individually, by virtue of the award of the board of arbitration theretofore adopted as the judgment of the court; that writs of possession had been issued under said judgment, under which the parties had been placed in possession thereof; and that the only property of the estate in the hands of the receiver was cotton and cotton seed harvested from said lands, $310 in money derived from the sale of cotton harvested off the lands of Joe Lee Ferguson, and a claim for insurance on account of cotton destroyed by fire. By the order, the cotton and cotton seed harvested off the lands of Joe Lee Ferguson were awarded to him, and the cotton and cotton seed harvested from the lands of A. M. Ferguson were awarded to him. The insurance claim and the money were awarded to Joe Lee Ferguson. The order lists a large number of claims as reasonable charges incurred by the receiver. In these items will be found the salary due the receiver, office rent, salary of his bookkeeper, and many other similar items. All of these charges, together with all costs incurred in the proceedings, were taxed against Joe Lee Ferguson, at whose instance the receiver was appointed. From that order, this appeal is prosecuted.

■ The assignments of error in appellant's brief cover 126 pages, but the law questions presented are few. Much of the brief is devoted to a discussion of the

question that a party from whom property is taken under receivership, later declared by the appellate court to have been granted without authority of law, is entitled to a restitution of all the property acquired by the receiver by virtue of the erroneous judgment. The general rule of law insisted upon is well settled, but, in the instant case, it has no application to the record presented. This is true for several reasons. In the first place, the receiver, at the time the order was entered, was not in possession of any property of the estate, save and except some crops, or the proceeds thereof, harvested from lands which had theretofore, by order of the court, repeatedly approved by this court, been vested in Joe Lee Ferguson and A. M. Ferguson, respectively. There was, therefore, no property of the estate in his hands to be delivered to the temporary administrator.

In the next place, the exact question had been many times theretofore adjudicated. As disclosed by the above recitals, one of the original proceedings in this court sought to enjoin the entry of this very order. Another sought to enjoin the execution of the writ of possession. We could not grant any of these applications for injunction, mandamus, prohibition, or contempt, because each in itself constituted a collateral attack upon the judgment of the court in the original suit adopting the award of the board of arbitration as the judgment of the court. Had there been no other judgment entered in this matter, save and except our judgment dissolving the receivership, and had the receiver been still in possession of property belonging to the estate, the right of the temporary administrator to have the property restored to him would not have been questioned. But, the right to a division and distribution of these lands was fixed by another judgment (that adopting the award of the board of arbitration). That judgment has become final, a writ of possession has been issued, and the parties placed in possession of the land, and any writ or order issued in this proceeding, the effect of which would be to restore these lands to the temporary administrator, would be in direct conflict with the relief granted in the original suit, and would place the court in the attitude of having issued two conflicting orders, both of which could not be respected. This appeal collaterally attacks, not only the original judgment adopting the award of the board of arbitration, but, as well, the various judgments of this court in the proceedings enumerated in the beginning of this opinion.

There exists now even greater reason for denying a writ of restitution than existed at the several times when we ruled on this same question in former proceedings. The original judgment adopting the award of the board of arbitration has been affirmed on certificate by this court as against the estate of Kate F. Morton, deceased, and an application for writ of error has been refused by the Supreme Court. That judgment has thereby become final, and the right of the estate to complain of any finding, award, or decree therein contained has been foreclosed. That effectively disposes of the question of the right of possession of those portions of the estate which were therein awarded to the respective parties. Of course, it results that the possession of the crops thereafter harvested and the proceeds thereof follow the title and possession of the land. All of the assignments complaining of the action of the court below in refusing to restore possession of the property to the temporary administrator are overruled.

■ It is unnecessary to determine whether the court properly included in his order an approval of the report of the receiver, and a finding that he had discharged only valid claims against the estate. Appellant asked no relief in this proceeding against any one on account of the estate's having been dissipated, and no benefit would have accrued to him had the order disapproved the report and recited that the estate had been squandered. We have heretofore held that the court was not authorized to appoint a receiver. Manifestly, the findings and orders made in connection with the discharge of the receiver are no more binding upon the estate than the order of appointment, and relief, if any, to which the estate is entitled is unaffected by such findings and orders. Appellant's pleading requested the court to discharge the receiver and disapprove his report. The court had no more authority to disapprove the report than to approve it. Neither approval nor disapproval would have authorized a judgment against any one in this proceeding.

■ The most difficult question we have found for determination is whether the order appealed from is a final judgment.

As recited above, the receiver was appointed in a suit instituted by appellee against appellant for damages because of his alleged failure to abide by the award of the board of arbitration. That suit is still pending in the trial court on an amended petition filed after the receivership was dissolved by this court. The present order in no wise determines that litigation, but it does finally conclude the receivership matter. In so far as the order approves the report of the receiver, it is not a decree from which an appeal would lie, because, as noted above, no relief was sought, nor could any result from affirming or setting aside such order. As to that portion of the decree delivering the cotton, etc., to the respective parties, while, as above held, it was the proper decree to enter, still we are not prepared to hold that it does not possess the element of finality as to the receivership sufficient to render it appealable. We have, therefore, resolved the doubt in favor of the appeal, and overrule the motion to dismiss.

Our order is that the judgment of the trial court be affirmed.