## KUTEMAN v. STONE.

No. 5294.

Court of Civil Appeals of Texas. Amarillo.
March 17, 1941.

Rehearing Denied April 21, 1941.

See, also, 150 S.W.2d 107.

J. R. Porter, of Clarendon, for appellant.

Hughes, Hardeman & Wilson, of San Angelo, for appellee.

STOKES, Justice.

On the 11th day of March, 1940, appellee, Jerome S. Stone, presented to the district judge, in vacation, an application for the appointment of a receiver, the petition naming appellant, Mrs. Nellie Kuteman, as defendant, and praying for a temporary injunction, restraining her from in any manner interfering with the receiver in his custody of the property here involved. The petition alleged that James E. Kuteman died, intestate, on July 18, 1938, and left surviving him as his sole and only heirs at law appellee's wife, Beatrice K. Stone, a sister of the deceased, and appellant, Mrs. Nellie Kuteman, his mother; that at the time of his death James E. Kuteman was seized and possessed of a large amount of land consisting of more than 25,000 acres in Kent County, 18,000 acres in Nolan County, 1,800 acres in Clay and Montague Counties, and various town lots therein described; that no administration had been instituted or was then pending upon his estate and that no necessity existed therefor because the estate owed no debts. He further alleged that in order to keep and preserve intact the property of the estate, appellant and Beatrice K. Stone had theretofore entered into a contract providing for joint management and mutual co-operation of the parties in the custody

thereof and disposition of proceeds that may be accumulated from rents and leases thereon, which contract was to remain in force and effect for two years from its date, October 31, 1938. He alleged that, in violation of the provisions of the contract, appellant had made sale of her interest in certain described tracts of land belonging to the estate; interfered with the depository agreed upon for the funds; that she was squandering some of the proceeds and had expended a large portion thereof without the knowledge or consent of Beatrice K. Stone; that appellant had secreted herself so that she could not be found, and had declined and refused to cooperate with Beatrice K. Stone and made it impossible for the contracting parties to cooperate with each other as contemplated in the contract. He further alleged that the Internal Revenue Department of the United States Government had levied an assessment against appellant and Beatrice K. Stone of $41,000 as an inheritance tax; that the State of Texas was demanding $8,500 on a similar assessment, and that these claims and demands were pressing and demanded immediate attention. He further alleged that an oil well had been drilled near some of the land belonging to the estate which it was claimed was producing a large amount of oil, and that appellant's refusal to cooperate with Beatrice K. Stone in an effort to lease the lands of the estate near such oil well would probably result in irreparable loss and damage to the estate. Other allegations were included but these are sufficient to indicate the nature of the petition.

On the day the petition was presented, the district judge heard the same, together with some testimony thereon, and granted the prayer of the petition, appointed Guinn Williams as receiver of all the property of the estate, directed him to take over the possession, management and control thereof and to operate the same, make and execute oil and gas leases thereon, as well as grass leases and farm rental contracts; make all necessary improvements and repairs of the property, receive and collect rentals, bonuses, payments, income and revenues due and to become due, pay taxes of all kinds and character due and to become due by the estate, and invested him with full power and authority to perform all acts whatsoever that may be necessary in the control, management and preserva-

tion of the properies of the estate for the best interests of Beatrice K. Stone and appellant, Nellie Kuteman. The receiver qualified on March 14, 1940, by taking the oath and giving the bond required by the order of the court in the sum of $40,000.

On May 3, 1940, appellant filed a plea challenging the jurisdiction of the court in which she alleged that there was an administration pending upon the estate of James E. Kuteman, deceased, and that the same was being administered in the probate court of Donley County. She alleged that she was the duly appointed, qualified and acting administratrix of the estate; that it was pending and being administered by her on the 11th of March, 1940, the day the petition for receivership was filed and the order of the court entered thereon appointing the receiver; that the administration was opened and appellant appointed as administratrix on August 1, 1938, and that she had qualified as administratrix on August 5, 1938. She further alleged that necessity for an administration did exist at the time she filed the plea to the jurisdiction of the court and had existed at all times since the death of James E. Kuteman, deceased, because, at the time of his death, James E. Kuteman was indebted in a large sum of money, setting out various items thereof, among which was an indebtedness of $12,000 due the State of Texas as original purchase money on a portion of the Kent County ranch, and other smaller items.

The plea challenging the jurisdiction of the court was heard on the 5th of August, 1940, and after hearing the pleadings, evidence and argument of counsel, the court overruled the same, together with appellant's motion to vacate the receivership, and appellant duly excepted, gave notice of appeal, and has perfected an appeal to this court.

The controlling question in the case is presented by appellant's first proposition of law to the effect that the district court of Kent County was without jurisdiction to grant the receivership and install Guinn Williams as receiver of the estate because jurisdiction of the estate and all of its property and affairs was in the probate court of Donley County; that the probate court had assumed and was then exercising jurisdiction thereof, and that such jurisdiction had been properly invoked by appellant.

■ The record shows that letters testamentary had been issued to appellant by the probate court of Donley County, a certified copy thereof being introduced in evidence upon the trial of this case. This instrument is regular on its face and there is nothing in the record which indicates that the letters of administration were not properly issued. The fact was established, therefore, that the probate court of Donley County had assumed jurisdiction of the estate of James E. Kuteman, deceased, and in the absence of a showing that for some legal reason the administration proceedings were void or that no necessity existed for administration upon the estate of James E. Kuteman, deceased, the probate court had exclusive jurisdiction of all matters pertaining to the estate and the district court was without power or authority to interfere with the jurisdiction of the probate court by appointing a receiver. Art. 5, Sec. 16, of our Constitution, Vernon's Ann.St., provides that the county court shall have the general jurisdiction of a probate court; that it shall probate wills, grant letters testamentary and of administration, and transact all business pertaining to the estates of deceased persons. Sec. 8 of the same article gives to the district court appellate jurisdiction and general control in probate matters over the county court, but it is only appellate jurisdiction and, when the jurisdiction of the county court has been properly invoked, the district court cannot assume original jurisdiction in such matters. It is only when the suit involves controversies and issues for the adjudication of which the jurisdiction of the county court is inadequate or, if the administration of the estate has been begun in the county court, only after it is properly closed, that the district court may take original jurisdiction and grant the necessary relief. Art. 5, § 16, and Art. 5, § 8, Constitution of Texas; Wallace v. Dubose, Tex.Civ.App., 242 S. W. 351; Buchner v. Wait, Tex.Civ.App., 137 S.W. 383; Miller v. Valley Bldg. & Loan Ass'n, Tex.Civ.App., 29 S.W.2d 865; Kennedy v. Pearson, Tex.Civ.App., 109 S.W. 280; Ferguson v. Ferguson, Tex.Civ. App., 66 S.W.2d 755, 757.

In the case of Ferguson v. Ferguson, supra, which is very similar to the instant case, Mr. Justice Hickman, speaking for the Court of Civil Appeals of the Eleventh District, said: "The petition discloses that the county court has actually assumed active jurisdiction of the administration of Mrs. Morton's estate, and that by its order it has appointed a permanent administrator thereof. The only reason that order is not now effective is that an appeal therefrom is pending in the district court. In the event the latter court should affirm the order of the former, and the permanent administrator should qualify there would be nothing for him to administer, if the judgment in the instant case should be upheld and the property be placed in the hands of the receiver. It is therefore obvious that the effect, and sole effect, of the order appointing the receiver is to transfer the administration of the estate from the county court to the district court as one of original jurisdiction. To do so would contravene the Constitution." A large number of authorities are cited by the court, all of which support the holding.

■■ Appellee does not seriously controvert the conclusions above expressed, but contends that the administration had been closed by an order of the probate court of Donley County entered October 31, 1938. There is copied in appellee's brief what purports to be an order entered by the probate court of Donley County on the date mentioned, but the record does not show it was before the court at the hearing of the case. It is neither shown in the statement of facts nor copied in the transcript, and is, therefore, not before us in such manner as to enable this court officially to pass upon it. Even if it had been before the trial court and was properly before this court in the present record, however, it could make no difference in the result nor the conclusions which we are impelled to reach for the reason that, on its face, it does not even purport to be a final order closing the administration. It recites that on the 31st of October, 1938, there came on to be considered the amicus curiae application of J. R. Porter praying that the administration be terminated; showing that there was no necessity at the present time for such administration; that no business had been transacted by the administratrix; that no report of any kind was necessary or proper, and that the administratrix ought to be discharged and her bondsmen relieved of any future or further liability. It then proceeds with the order as follows: "Therefore, it is the order, judgment and decree of this court that the said Mrs. Nellie Kuteman, admin-

istratrix, be and she is hereby discharged as administratrix of said estate, that her bondsmen be and they are hereby in all things relieved of any further and future liability, and that no final report is required of said administratrix, all without prejudice to any proper person later being appointed administratrix of said estate."

It does not appear from the record that any attempt was made to comply with the provisions of Art. 3643, R.C.S., (1925), which provides the manner in which administrations of estates shall be closed, nor that notice of any kind was given. Indeed, the order itself refutes the contention of appellee that the estate was closed. In its final words it specifically provides that it is entered without prejudice to any proper person later being appointed administratrix of the estate. This can mean nothing more than that the administratrix is discharged, her bondsmen relieved and the estate is held open for further proceedings, including the appointment of another administrator.

The undisputed testimony in the instant case shows that, at the time of his death, James E. Kuteman owed some debts, one of which amounted to $12,000. It further shows that none of these debts had been paid and that nothing whatever had been done by the administrator. Regardless, therefore, of the effect of the order entered by the probate court on October 31, 1938, the time in which administration may be had upon the estate not having elapsed, that court had the authority to proceed with the administration and appoint another administrator if necessary in order properly to dispose of the matters pertaining to the estate which could be adjudicated only by a probate court. Waterman Lbr. & Supply Co. v. Robins, Tex. Civ.App., 159 S.W. 360; Id., Tex.Com. App., 206 S.W. 825.

Appellee contends that the nature of his suit was to enforce a contract that had been entered into between appellant and her daughter, Mrs. Stone, under which they had agreed to hold the property intact for two years; that appellant violated the contract and the primary purpose of the suit was to enforce it and protect Mrs. Stone's rights under it, the receivership being only incidental and to make effective any judgment she may recover. The contract, a copy of which was attached to appellee's petition, does not purport to usurp the jurisdiction of the county court of Donley County, and if appellee had recovered and preserved all of the rights to which his wife, Beatrice K. Stone, was entitled under it, the court granting such relief would not have had authority, even by the terms of the contract, to oust, or in any manner interfere with, the jurisdiction of the probate court. Furthermore, contracts of executors or administrators are not binding upon their estates unless such contracts are authorized by statute or extended by the terms of a will. Our statutes do not extend to executors or administrators authority to make contracts, the effect of which will be to deprive the probate court of its authority to administer estates of deceased persons. Appellant may have incurred some personal liability under the contract. If so, it is a matter with which we are not concerned in this case. Certainly the contract could not have the effect of removing the pending administration from the probate court nor to deprive that court of the jurisdiction which it enjoys by virtue of the plain provisions of our state constitution and the statutory law. Lovenskiold v. Nueces Hotel Co., Tex.Civ.App., 208 S.W. 759; International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630; C. P. Ray & Co. v. La Rue & Barron Co., Tex.Civ.App., 237 S.W. 336; Sovereign Camp, W. O. W. v. Robinson, Tex.Civ.App., 187 S.W. 215.

What we have said demonstrates, we think, that the court below erred in appointing the receiver and its judgment will, therefore, be reversed and judgment here rendered dissolving the receivership.