**KUTEMAN v. RATLIFF, District Judge, et al.**

**No. 5411.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 6, 1941.

J. R. Porter, of Clarendon, for relator.

Hughes, Hardeman & Wilson, of San Angelo, for respondent Guinn Williams.

PER CURIAM.

On March 17, 1941, in the case of Kuteman v. Stone, 150 S.W.2d 102, pending in this court on appeal from the district court of Kent County, this court rendered its opinion and judgment reversing the judgment and order of the trial court appointing Guinn Williams receiver of the properties of the estate of James E. Kuteman, deceased, and dissolving the receivership. The grounds upon which the receivership was dissolved were that the estate of James

E. Kuteman, deceased, was being administered by the probate court of Donley County and that the district court of Kent County did not have, and could not acquire, jurisdiction of the property of the estate and was without power to appoint a receiver thereof.

On September 8, 1941, relator, Nellie Kuteman, who is the surviving mother and an heir of the estate of James E. Kuteman, deceased, filed in this court her application for leave to file a petition for a writ of prohibition against the Honorable Dennis P. Ratliff, district judge, and Guinn Williams, receiver, in which she alleged, among other things, that on the 17th day of March, 1941, the day upon which the judgment was rendered in this court dissolving the receivership and the opinion handed down, the receiver paid to the United States Internal Revenue Collector $21,087.41, and to the tax collector of Palo Pinto County $6,805.60, and that in order to procure the funds with which to pay the same, he had attempted to create a lien on a large portion of the properties of the estate. She further alleged that on the 1st of September, 1941, Jerome S. Stone, the appellee in the case of Kuteman v. Stone, for and on behalf of his wife, Beatrice K. Stone, who is a sister of James E. Kuteman, deceased, and the only other heir of his estate, filed in the district court of Kent County his first supplemental petition in the same cause in which he prayed the court as in his original petition and also prayed that all pleas in abatement and answers of the defendant therein, Nellie Kuteman, setting up prior jurisdiction of the probate court of Donley County be overruled, and prayed the trial court then to hold and adjudge that it had jurisdiction to appoint the receiver as he had theretofore been appointed and then to terminate such receivership in accordance therewith. She further alleged in the application that on the 1st of September, 1941, the trial court had entered an order allowing the expenditure by the receiver of a large sum of money belonging to the estate, including a fee to himself of $1,500 and a like amount as a fee to his attorney, all of which, together with a number of other acts of the receiver and orders of the court, she alleged, were in direct violation of the order and judgment of this court dissolving the receivership.

The application of relator to file the petition for a writ of prohibition was granted and, upon the allegations contained in the petition for a writ of prohibition, which were sworn to by the relator, and the proof offered thereon, this court, on September 9, 1941, granted the prayer of the petitioner and the writ was duly issued, returnable to this court on September 22, 1941. The Honorable Dennis P. Ratliff, District Judge, and Guinn Williams, the receiver, duly made their returns and the cause was heard in this court on the date last. mentioned. In their returns, the respondents admit the allegations of fact made by relator but deny they have invaded the jurisdiction of this court or that they or either of them has any intention of doing so.

The record shows that during his administration as receiver the respondent, Guinn Williams, has received a total of $45,722.40 in money, of which amount he has expended $44,880.91, leaving a balance on hand of $841.49. Of the total amount expended, $31,378.73 was disbursed under the orders and with the approval of the respondent, Honorable Dennis P. Ratliff, District Judge, after March 17, 1941, when the receivership was dissolved by the order and judgment of this court. The amount last mentioned includes the fee or commission which the receiver paid to himself and a like amount to his attorney.

In his report and account for final settlement, filed at the September term, 1941, of the district court of Kent County, the above items, together with a large number of others, are shown, and the receiver alleges therein that he has rendered large and valuable services to the estate for which he is entitled to an additional fee of $5,000, and that his counsel has rendered large and valuable services to the receiver and the estate for which he is entitled to an additional fee of $3,500.

The record shows that the trial court had heard the final report and was considering the same, together with the final account of the receiver, when the temporary writ of prohibition was issued out of this court and served upon him. In his return, the Honorable Dennis P. Ratliff, District Judge, alleges that, being in doubt as to the amount of expenses, commissions and fees that should be adjudged, he took such matters under advisement and was engaged in studying the authorities with a view of arriving at a conclusion when the temporary writ of prohibition was issued. He alleges further that, upon the testimony

adduced at the hearing of the report, he is of the opinion that the receiver and his attorney have rendered good and valuable services to the estate and that by their diligence and efforts many thousands of dollars have been saved in the way of reduction of State and Federal taxes and the leasing of properties belonging to the estate. In this connection he further expresses the opinion and belief that the closing of the receivership and discharge of the receiver should be governed by the rules laid down in the cases of Shell Petroleum Corp. v. Grays, Tex.Civ.App., 87 S.W.2d 289; Rex Refining Co. v. Morris, Tex.Civ.App., 75 S.W.2d 156; and Taylor v. Taylor, Tex.Civ.App., 91 S.W.2d 394. Those cases adhere to the general rule that the receiver and his attorney are entitled to reasonable compensation to be taxed as costs against the property and funds in receivership, and without regard to the results of the litigation, and irrespective of the right of either party to recover costs of court against his adversary. The law is well settled that, in a case of which the court has jurisdiction, if a receiver is appointed and takes charge and custody of property and administers the same under orders of the court, he is entitled to his fees and to reasonable fees for his counsel, to be paid out of the corpus of the property in his hands regardless of whether the receiver was providently or improvidently appointed. We cannot agree with the respondents, however, that the rule applies in a case wherein the court does not have jurisdiction over the subject matter. The law is well established in this state that the county court, sitting in probate matters, has exclusive jurisdiction of all matters pertaining to estates of deceased persons and the district court is without power or authority to interfere in any manner with that jurisdiction. Art. 5, Sec. 16, of our Constitution specifically places such jurisdiction in the county court and the only jurisdiction the district court has in such matters is appellate jurisdiction and general control over the county court as provided by Sec. 8 of the same article.

■ The rule is likewise well established in this and every other jurisdiction in this country as far as we know that where the court does not have jurisdiction of a cause of action, its orders, judgments and decrees entered therein are void. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. Any judgment, order or decree entered by a court that does not have active jurisdiction of the subject matter and the parties named as defendants is without force and, as has been said by our Commission of Appeals, "is but 'sounding brass and a tinkling cymbal.'" Maury v. Turner, 244 S.W. 809, 811; Barton v. Montex Corp., Tex.Civ.App., 295 S.W. 950.

■ In passing upon this identical matter, in Kuteman v. Stone, 150 S.W.2d 102, this court held that the district court of Kent County was without jurisdiction to appoint Guinn Williams receiver of the James E. Kuteman estate and thus usurp the jurisdiction of the county court of Donley County. Under that holding and the judgment entered in that case by this court, as well as similar holdings by our courts in the cases there cited by us and many others, all orders and judgments entered by the district court of Kent County purporting to remove the custody of the property belonging to the Kuteman estate from the probate court of Donley County to the district court of Kent County and place the same in the hands of a receiver appointed by it, were void ab initio and, therefore, wholly impotent and ineffective. The custody of the property, as a matter of law, was never removed from the probate court nor did the receiver ever legally have possession or custody of any of it. Not having jurisdiction over the property nor the power to administer any portion of it, it follows that the district court of Kent County is without power or authority to subject any portion of the Kuteman estate or its property or money to the payment of receiver's fees, attorney's fees, court costs, expenses or any other item or charge. Its judgments and orders attempting to do so were void and without force or effect and nothing the receiver did under them was binding upon the estate or the probate court of Donley County or the administrator appointed by it. The rule invoked by the respondents, therefore, does not apply in cases of this kind. The district court of Kent County and the district judge were without power or authority from the beginning of this litigation to enter any order or judgment that would have the effect of subjecting any portion of the estate to the payment of anything, whether it be court costs, attorney's fees, receiver's commissions, or any other item. When the receivership was dissolved by this court in Kuteman v. Stone, supra, on the 17th of March, 1941, the proper order for the court below to have entered at the ensuing term was an order discharging the

receiver upon proper final account filed by him and taxing the costs of the entire proceeding up to that time against the plaintiff in that case, Jerome S. Stone. Baines v. Mensing, 75 Tex. 200, 12 S.W. 984; Parker v. Watt, Tex.Civ.App., 178 S.W. 718.

The record in this case reveals that the parties have no intention of filing additional pleadings in which additional and legal grounds are alleged and under which the court would have jurisdiction to appoint a receiver upon final hearing. On the other hand, it is clear from the record that the plaintiff in the case does not contemplate the presentation of any application for a receiver based upon grounds other than those shown by the record in the case of Kuteman v. Stone, supra, and we conceive of no ground upon which he could do so. The receiver now seeks to make his final report which shows only such action and expenses as have been taken and incurred by him during the temporary receivership which was dissolved by order of this court. As we have said, none of those expenses can be charged by the district court against Kuteman's estate or its properties and, since it is shown by the allegations of the respondents that they contemplate entering orders and disposing of the receivership under the rule announced in Taylor v. Taylor, supra, and other like cases, which rule is not applicable here, the contentions of the respondents will be overruled and the writ of prohibition issued in this case on the 9th of September, 1941, will be made perpetual.

In view of the official capacity of the respondents, the costs of this proceeding for a writ of prohibition will be taxed against the relator, Mrs. Nellie Kuteman.