ESPUELA LAND & CATTLE CO., LIMITED, v. JOHN BINDLE ET AL..

No. 1970.

**1. Receiver's Commissions.**

Where, at the instance of the plaintiff, a receiver is appointed, and on appeal the appointment is revoked as having been erroneously made, but pending the appeal such receiver gives bond and manages the property, he is entitled on making his final report to be paid his expenses and commissions out of the funds that have come into his hands as receiver, regardless of the final result of the suit.

**2. Same—Are Part of Court Costs.**

Within article 1466, Supp. Sayles' Civ. Stats., providing that moneys coming into the hands of a receiver, as such, shall be first applied "to the payment of all court costs of the suit," receivers' fees are court costs, and will be so paid whether the plaintiff or defendant is successful.

**3. Same.**

But while the funds in the hands of the receiver are made primarily liable for his fees, this will not prevent the court from making an equitable adjustment of such costs as between the parties to the suit, nor deprive either party of any remedy against the other he might otherwise have had for such expenses, if wrongfully incurred.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Coke, Tucker & Coke,* for appellant.—Where a person wrongfully procures the appointment of a receiver to take possession of the property of another, and the order of appointment is vacated as having been improperly granted, the compensation of such receiver ought not to be taxed against the funds or property thus wrongfully placed in the hands of such receiver, but should be taxed against the persons at whose instance such receiver was appointed. Beach on Receivers, sec. 773; 20 Am. and Eng. Encyl. of Law, 180; French v. Gifford, 31 Iowa, 428; Howe v. Jones, 23 N. W. Rep., 376; Bowe v. U. S. Reflector Company, 36 Hun., 407; Weston v. Watts, 52 Hun., 219.

*Hall & Talbert,* for appellees.—The property in the hands of the receiver is the fund from which his fees must be paid and his compensation cannot be made to depend upon the result of the litigation. Hopfensack v. Hopfensack, 61 How. Pr., 498; Ellis v. Vernon Ice, Light & Water Co., 23 S. W. Rep., 856; Beach on Receivers, secs. 771-772; 20 Am. & Eng. Encyl. of Law, 183 and notes; Jaffray v. Raab, 33 N. W. Rep., 337; Seligman v. Saussey, 60 Ga.. 20; Radford v. Folsom, 55 Iowa,

276; Hutchenson v. Hampton, 1 Mont., 39; Beckwith, v. Carroll, 56 Ala.; 12; Courand v. Hammer, 9 Bead., 3; Heman v. Britton, 88 Mo.,549; Hays v. Ferguson,15 Lea. (Tenn.),1; Tome v. King,64 Md.,166; In re Bushnell, L. R., 23 Ch. D., 75; Baldwin v. Hatch, 54 Me.; 167; Hanness v. Smith, 21 N. J. L.,495; In re Life Assn.,30 N. E. Rep., 114; Kerlin v. Ewing, 24 Atl. Rep., 124; Greely v. Prov. Sav. Bank, 15 S. W. Rep., 429.

HEAD, ASSOCIATE JUSTICE.—John Bindle, as stockholder and creditor of appellant, instituted this suit to have a receiver appointed to take charge of and manage its property. The application was granted by the District Court, and J. W. Robbins named as receiver; but upon appeal to this court his appointment was revoked and the receivership vacated, because in our opinion the facts were not sufficient to justify the action of the trial judge. Pending this appeal Robbins gave bond and proceeded with the management of the property, in compliance with the order appointing him, for which services the court, in the judgment approving his final report, allowed him compensation in the sum of $1,250, to be retained out of the funds which came into his hands as receiver; and from that judgment this appeal is prosecuted.

No assignment is presented questioning the amount of the allowance, but the point is made' that, inasmuch as the appointment of a receiver to take charge of appellant's property was erroneously made, it should not be charged with the payment of his compensation, but this should be taxed against the plaintiff below who brought about the expense. The authorities upon this question are badly in conflict, but we believe the better reason to be with those which hold, that inasmuch as the receiver is appointed to manage and preserve the property pending the litigation, for the benefit of those ultimately adjudged to be entitled to it, the costs of doing this, including his commissions, should ordinarily be made a charge upon the property itself and paid out of its proceeds, regardless of who finally succeeds. Hopfensack v. Hopfensack, 61 How. Pr. (N. Y.), 508; Ferguson v. Dent, 46 Fed. Rep., 96; 2 Modern Equity Practice, by Beach, sec. 752.

To hold otherwise might greatly embarrass the courts in obtaining suitable persons to fill these important positions, for we apprehend that few indeed could be found who would be willing to give the enormous bonds and incur the heavy responsibilities assumed by receivers of large properties, if they were required to await the result of the litigation for their compensation, and in case the defendant should be successful, could then only look to the plaintiff for its payment. Again, we think sound policy requires that a receiver should remain unprejudiced as between the litigants. There should be no inducement for him to promote the success of one more than the other. Being an arm of the court, his sole care should be the preservation and successful management of the property, regardless of what may ultimately become of it. This would not be the case should the plaintiff be of doubtful solvency, and the law only allowed the receiver to look to him for compensation

in case of success on the part of the defendant. In such cases, one arm of the court at least would be interested on the side of the plaintiff, and this should never be.

We are not unaware, however, that great wrong and injustice is frequently done defendants by the hasty and imprudent appointment of receivers to take charge of their property, and considerations of this kind have frequently induced courts of high authority to conclude that the receiver's compensation should be made to abide the result of the suit. Weston v. Watts, 45 Hun. (N. Y.), 219. This seems also to be the view entertained by the authors of the Am. & Eng. Ency. of Law (see volume 20, p. 180), and were the litigants the only ones interested, we are not prepared to say we would dissent therefrom. In fact, we are of opinion that costs of this kind, in the absence of a statute, should in all cases, as between the parties, be adjudged upon equitable principles. French v. Gifford, 31 Iowa, 428. In this case, however, the question is not whether the court, after authorizing the receiver to retain his compensation out of the fund, should have gone further and authorized the defendant (appellant) to recover the sum so retained from the plaintiff; but the question is, should the receiver have been authorized to retain his fees out of the fund in the first instance. It will be seen from what we have already said that we think he should.

We have thus far treated the case as though it were an ordinary suit in equity uncontrolled by any statute governing the question; but we are also of opinion that a proper construction of our act of 1889 (see Supp. to Sayles' Civ. Stat., art. 1466) must lead to the conclusion that this allowance was properly made. That act, among other things, provides, that "All moneys that come into the hands of a receiver as such receiver shall be applied as follows: First, to the payment of all court costs of the suit." * * *

We think the receiver's fees must be considered a part of the court costs within the meaning of this statute, and as such are entitled to be paid out of the moneys that come into his hands. Ellis v. Vernon Ice. etc., Co., 86 Texas, 113; s. c., 4 Texas Civ. App., 66. We see no reason why this statute does not apply to a case in which the defendant is successful, as well as to one in which the plaintiff recovers. We do not, however, hold that it would prevent the court from making a proper equitable adjustment of these costs as between the parties to the suit, nor that a defendant is in any manner deprived of such remedies as he might otherwise have had, such as reconvention or separate suit for damages, to protect himself against loss occasioned by wrongfully taking his property from his possession and having it squandered by an expensive receivership.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered October 19, 1895.