**PAYNE et al. v. LITTLE MOTOR KAR CO.***
(No. 103.)

(Court of Civil Appeals of Texas. Waco.
Nov. 13, 1924. Rehearing Denied
Dec. 18, 1924.)

**1. Associations** ⚙⟷21—Overruling demurrers and exceptions to petition alleging sufficient grounds for appointment of receiver.

Petition alleging that trustees of an unincorporated association misappropriated large portions of company's funds, and had issued to themselves $500,000 of stock for which they paid nothing, showed sufficient grounds for appointment of receiver as against demurrers and exceptions thereto, under Rev. St. art. 2079.

**2. Receivers** ⚙⟷200—All fees necessarily incurred in executing receivership are payable from corpus of property, regardless of final outcome of the litigation.

Where receiver is appointed, the corpus of the property is liable for his fees and all other fees necessarily incurred by him in executing his receivership, regardless of final outcome of the litigation; the amount and manner of taxing fees being discretionary with trial court.

**3. Appeal and error** ⟍⚙⟷758(2)—Court's action in not removing receiver to appoint others not reviewed in absence of complaint in brief.

Where receivers were appointed for an association, and trustees were removed, and new trustees appointed to call a meeting of stockholders to elect trustees entitled to corpus of property, court did not err in refusing to remove receiver appointed by him and to deliver property to appellants as trustees, where court found they were not duly appointed, and such finding is supported and not complained of in brief.

Error from District Court, Dallas County; J. E. Gilbert, Judge.

Action by the Little Motor Kar Company against J. E. Payne and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. Gregory Hatcher and J. Lee Zumwalt, both of Dallas, for plaintiffs in error.

Thomas, Frank, Milam & Touchstone, of Dallas, for defendant in error.

BARCUS, J. On April 8, 1920, appellees A. R. Blankenship, D. P. Blankenship, C. K. Anderson, and Charles W. Judge, as stockholders in the unincorporated association known as the Little Motor Kar Company, acting under a declaration of trust, brought suit in the district court of Dallas county for themselves and for all other stockholders similarly situated with them, and named as defendants W. S. Livezey, R. L. McCoy, and Geo. W. Stricker. Appellees alleged in substance that the three defendants above named, as trustees of the Little Motor Kar Company, were misappropriating the funds of the company, and were squandering same and using large portions thereof to their own use and benefit, and had issued to themselves $500,000 of stock for which they had paid nothing; and alleged that, unless the company's affairs were taken out of the hands of said trustees, the entire assets would be dissipated and lost. Appellees asked for a receiver to be appointed by the court, and that judgment be rendered against said trustees for the money which they had unlawfully misapplied, and that the stock which had been issued to them be canceled.

The court, on presentation of the petition in chambers, without hearing, granted the application, and did at said time appoint a receiver to take charge of all the assets of the Little Motor Kar Company. No appeal was taken from the appointment of said receiver.

On May 20, 1920, J. S. Porter and others filed a plea of intervention, and asked the court to discharge the receiver, and that the property be turned over to them as stockholders, or that the court appoint three trustees to take charge of the property. No action was taken on this plea, and same was, without objection, in November, 1921, dismissed.

On July 20, 1920, the appellants J. E. Payne, C. M. Ward, and W. E. Joor filed their plea of intervention, and alleged that they were the duly elected and acting trustees of the Little Motor Kar Company, and as such entitled to the property of same, and asked that the suit filed by appellees be in all things

---

⚙⟷For other cases see same topic and KEY-NUMBER in all Key Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 4, 1925.

abated. On October 3, 1921, the appellees filed their amended motion to vacate the order appointing the receiver, and alleged numerous grounds and reasons therefor not necessary to state in detail.

The matters in controversy were submitted to a jury, and on December 10, 1921, the trial court, based on the findings of the jury and additional findings by the court, entered judgment in favor of the Little Motor Kar Company against W. S. Livezey, R. L. McCoy, and G. W. Stricker for $236,588.60, and canceled the stock held by them in the company, and removed them as trustees of said company, and disposed of the claims of a number of parties who had intervened, approving a large number and disapproving a few of said claims, and decreed that appellants J. E. Payne, C. M. Ward, and W. E. Joor were not the legally elected trustees, and 'held that they, as such, were not entitled to the property nor to recover anything by virtue of their plea of intervention, and found that the Little Motor Kar Company was solvent, and decreed that, so soon as the stockholders of the company could elect trustees to take over the assets thereof, the receiver should surrender all the property to said trustees. The court appointed appellants Payne, Ward, and Joor as trustees for the sole purpose of calling a meeting of the stockholders to elect trustees. The court in its judgment found that there were a large number of claims which had been filed with the receiver that had not been filed within time to be disposed of, and said claims were not in condition to be either approved or disapproved by the court, and the disposition of said pleas of intervention, amounting to several thousand dollars, was by the court held in abeyance for future disposition by the court. It is from this order that appellants have appealed. . W. S. Livezey, R. L. McCoy, and Geo. W. Stricker did not appeal from the judgment rendered against them.

[1] Appellants, in their first 18 assignments of error, complain of the trial court's refusal to sustain their general demurrer and special exceptions to appellees' petition. Article 2079 of the Revised Statutes provides that an appeal may be had from an interlocutory order of the court appointing a receiver, provided same is taken within 20 days from the appointment of the receiver. The appointment of a receiver is lodged in the sound discretion of the trial court, subject to review by the appellate courts, where the appeal is taken within the 20 days provided by the statutes. Article 2079, Revised Statutes; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563; Lauraine v. First Nat. Bank (Tex. Civ. App.) 204 S. W. 1022; Blankenship v. Little Motor Kar Co. (Tex. Civ. App.) 224 S. W. 210. Under the allegations of appellees in their original petition for a receiver in this cause we are of the opinion that there

were sufficient grounds alleged for the appointment of a receiver, and that the trial court did not commit error in appointing a receiver for the Little Motor Kar Company, and did not commit error in overruling appellants' demurrers and exceptions to appellees' petition. Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105. The assignments attacking the ruling of the court on the demurrers and exceptions are overruled.

[2] Appellants complain of the trial court's action in allowing fees to the attorneys for the receiver, and allowing the receiver's fees, auditor's fees, and master in chancery fees incurred by the receiver in handling of the property. None of the orders or judgments of the court allowing or authorizing the receiver to pay out any sum or sums of money for expenses or fees are embraced in the transcript. Appellants themselves allege that all said fees were paid by the receiver on orders made by the court. The questions of the amounts of fees allowed a receiver and his attorneys in handling the corpus of the property and the way the fees are to be taxed as costs are lodged in the discretion of the trial court, and this court cannot say from the record that the trial court has abused its discretion. Where a receiver has been appointed by the court, he is entitled to be paid his expenses and compensation out of the funds in his hands, regardless of the final outcome of the litigation. Espuella Land & Cattle Co. v. Bindle, 11 Tex. Civ. App. 262, 32 S. W. 582; New Birmingham Iron & Land Co. v. Blevins (Tex. Civ. App.) 40 S. W. 829.

[3] Appellants complain of the trial court's refusal to remove the receiver and deliver the corpus of the property to them as trustees of the Little Motor Kar Company. The trial court found that appellants were not the trustees of the Little Motor Kar Company, and this finding is supported by the record, and appellants do not in their brief complain of said finding by the court. The judgment of the trial court was that Livezey, McCoy, and Stricker be removed, and the court found that no legal trustees had been appointed as their successors. The court by its judgment declared that the Little Motor Kar Company was solvent, and that, so soon as trustees could be selected by the stockholders of the company, the receiver should deliver the assets of the company to the trustees elected by the stockholders, and the court appointed the appellants as trustees for the sole and only purpose of calling a meeting of the stockholders to elect trustees to take over the assets of the company, and continued the receivership for the purpose of preserving the property until the trustees were selected by the stockholders and the assets turned over to them by the receiver. In this we think there was no error on the part of the court. In the winding up of the re-

ceivership in this cause the court properly retained jurisdiction of the property of the company until the trustees were regularly selected by the stockholders and authorized to receive same from the receiver.

We have examined all of appellants' assignments of error, and do not think any ground for reversal is shown. The judgment of the trial court is in all things affirmed.