## REX REFINING CO., Inc., v. MORRIS et al.
### No. 11772.

Court of Civil Appeals of Texas. Dallas.
Sept. 22, 1934.

Allen & Allen and S. Austin Wier, all of Dallas, for relator.

Aldredge, Shults & Madden and W. J. Rutledge, Jr., all of Dallas, for respondents.

JONES, Chief Justice.

On a suit filed in a district court of Dallas county, appellees secured the appointment of a temporary receiver, to take charge and control of appellant's property. Appellant appealed from the order appointing the receiver, and on such appeal the order of the trial court was reversed and the receiver dismissed, on the ground that the facts alleged in the petition were insufficient to show the necessity of a receivership. 72 S.W.(2d) 687, 692. A mandate was issued from this court on August 20, 1934, and directed that the properties and assets belonging to the corporation, Rex Refining Company, now in the hands of the receiver, be restored to the custody of the officers of the corporation, from whom same were received; that appellant, Rex Refining Company, Inc., do have and recover of appellees, George T. Morris, Nora Humphrey, and Olin W. Gibbons, "all costs in this behalf incurred or expended, both in the court below and this court, and this decision be certified below for observance."

This court, in the opinion filed reversing the case, ordered the court below "to have the receivership wound up and the properties and assets belonging to the corporation now in the hands of the receiver restored to the custody of the officers of the corporation from whom the same were received."

The receiver, under approval of the trial court, was represented by an attorney, and after this mandate was received, and without notice to the Rex Refining Company, or its attorneys of record, the trial court approved the final report of the receiver, and upon application allowed the receiver a fee of $1,500 for his services, while the case was pending on appeal, and allowed his attorney a fee of $750. The court taxed all costs incurred in the receivership proceedings, both in this court and in the court below, against appellee, except that the fees allowed the receiver and his at-

torney were taxed against the property in the hands of the receiver, and there being $514.29 cash in the hands of the receiver, he was directed to retain in his possession $342.86, and to pay to his attorney the remaining $171.43. The court also ordered, "that the remaining amounts of said fees which are not herein paid be and are hereby fixed as a lien against the assets of said receivership."

It is claimed by the Rex Refining Company, Inc., that the taxing of such fees against the property in the hands of the receiver is in direct disobedience of the mandate of this court, in that the fees allowed the receiver and his attorney are court costs and the taxing of the costs of same is included in the mandate of this court, which taxes against appellees, "all costs in this behalf incurred or expended, both in the court below and in this court," and has made application to this court for the issuance of a writ of mandamus, directing and compelling Hon. T. A. Work, judge of the Sixty-Eighth judicial district, to set aside so much of the order in this case which taxes the fees of the receiver and his attorney against the property in the hands of the receiver, and to enter an order taxing such costs against appellees.

■ It is true that the costs of operating a receivership are taxable as court costs, whether it be held that the receiver was providently or improvidently appointed; however, as to whether the cost under consideration is included in the general terms of the mandate from this court, that "all costs in this behalf incurred or expended, both in the court below and in this Court" be taxed against appellees, depends upon whether, under the circumstances of this case, the district court had a discretion in taxing the costs of the fees allowed.

■ While there appears to be some conflict in the decisions in this state, on the question whether, when the appointment of a temporary receiver is reversed and the receivership vacated by a Court of Civil Appeals, the trial court is allowed a discretion as to the taxing of the amount of such fee, we believe the rule is fairly well established that a trial court is allowed some discretion in the matter of taxing such costs of a receivership, and that conditions may exist in which such costs may be taxed against the property in the hands of the receiver, rather than against the unsuccessful plaintiffs in the suit. Espuella Land & Cattle Co. v. Bindle, 11 Tex. Civ. App. 262, 32 S. W. 582;

Payne v. Little Motor Kar Co. (Tex. Civ. App.) 266 S. W. 597; New Birmingham Iron & Land Co. v. Blevins (Tex. Civ. App.) 40 S. W. 829; Mallette v. Fort Worth Pharmacy Co., 21 Tex. Civ. App. 267, 51 S. W. 859; Evans v. Swartz et al. (Tex. Civ. App.) 264 S. W. 234.

■ We are therefore of the opinion that the mandamus applied for should be refused. This must not be construed as an expression of an opinion that there was no abuse of discretion of the trial court, in the manner in which the costs of these fees were taxed, for on this question we express no opinion. The question of the abuse of such discretion cannot be reviewed in a mandamus proceedings, but can be reviewed only on an appeal duly prosecuted to this court.

Application for writ of mandamus refused.

LOONEY, J., did not sit in this case.