**SHELL PETROLEUM CORPORATION et al.**
**v. GRAYS et al.**
**No. 1571.**

Court of Civil Appeals of Texas. Waco.

June 27, 1935.

Rehearing Denied Oct. 3, 1935.

Thompson, Mitchell, Thompson & Young and P. G. McElwee, all of St. Louis, Mo., Allen & Morton and Hiner & Pannill, all of Fort Worth, Y. P. Broome, of Tulsa, Okl., and Witt, Terrell & Witt, of Waco, for appellants.

Carlton J. Smith and Weatherby, Rogers & Scott, all of Waco, for appellees.

ALEXANDER, Justice.

This appeal involves the right of the trial court to enter an order allowing a receiver his fees and expenses and approving his final account as such receiver. Mary Jane Grays and others brought this suit in the Fifty-Fourth district court of McLennan county against Shell Petroleum Company, Tidal Oil Company, and others to recover an interest in 140 acres of land in Gregg county, and for the appointment of a receiver to take charge of the property and superintend the production of oil therefrom pending the trial of the case. The oil companies filed pleas of privilege to be sued in Gregg county. On August 30, 1932, said pleas of privilege, after a hearing of evidence, were overruled, and the appellee G. B. Rogers was appointed receiver to handle the property pending a trial on the merits. The oil companies excepted to both of these orders and gave notice of appeal. They then made application to the trial court to fix the amount of supersedeas bond to be filed by them in their appeal from the order appointing a receiver and for an order directing the clerk to stay all further proceedings in the cause upon execution and delivery of bond in such amount as might be fixed by the trial court. The trial court entered an order thereon as follows: "Application of defendants, Tidal Oil Company and Shell Petroleum Corporation, for order fixing bond, refused. Had I set a bond I would have considered the sum of $10,000.00, being double the sum of $5,000.00, as ample protection in this case." The appellants immediately thereafter perfected their appeal to this court by filing an ordinary appeal bond in the sum of $500 to cover costs only. There is nothing in the record to indicate that they ever filed or tendered for filing in the lower court a supersedeas bond in the amount as indicated by the trial court. Upon perfection of the appeal, appellants therein filed in this court an application for writ of mandamus to require the trial judge to fix the amount of supersedeas bond and to allow the appellants to supersede the judgment appealed from. We held this application in abeyance, advanced the cause as brought up by the appeal, and upon a hearing thereof held that the order of the trial court in overruling the pleas of privilege and the order appointing a receiver were both erroneous, and reversed and remanded the cause for a new trial. Tidal Oil Co. v. Grays (Tex. Civ. App.) 54 S.W. (2d) 1043. The oil companies filed a motion for rehearing, insisting that the cause should be reversed and rendered instead of being reversed and remanded for a new trial, and, upon their request, we certified the questions involved to the Supreme Court. The Supreme Court, on June 23, 1933, decided that the venue of the case lay in Gregg county; that since the pleas of privilege should have been sustained, the trial court erred in appointing a receiver, and that the appellants therein should have been allowed to supersede the order appointing a receiver. Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.(2d) 113. Motions for rehearing were filed in the Supreme Court, and, as a result, that

court's answers to the certified questions were not returned to this court until November 6, 1933, and we did not overrule the final motion for rehearing until November 16, 1933. Tidal Oil Co. v. Grays (Tex. Civ. App.) 64 S.W.(2d) 405. While said cause was still pending on appeal, said receiver, on November 1, 1933, presented his final account in said district court of McLennan county, calling attention to the fact that the Supreme Court in answer to the certified questions had held that the receiver had been improperly appointed, and asked that his final account be approved, that his fees be fixed and paid, and that he and his bondsmen be discharged. Over the objection of appellants, the trial court heard evidence on said report from time to time up to and including the 14th day of November, 1933, and on that date entered an order approving the receiver's final account, fixed his fee at $7,500 and authorized him to pay his expenses and said fee out of the funds in his hands, directed him to pay the balance into the registry of the court, and upon his having done so, discharged him as receiver and released him and his bondsmen from further liability therein. The appellants, Tide Water Oil Company (successors to Tidal Oil Company) and Shell Petroleum Corporation, excepted to said order and gave notice of appeal to this court. The matter is now before this court for the purpose of determining the authority of the trial court to enter the order approving the receiver's final account and fixing his fees for administering the property.

■ The appellants attack the validity of the order approving the account of the receiver and allowing his fees and expenses and discharging him and his bondsmen from further liability, on the ground that the trial court was without jurisdiction to enter such order. In this connection, appellants' first proposition is that where a receiver pendente lite is appointed and an appeal is taken from said order, the appellate court acquires sole jurisdiction of such receivership, and during the pendency of such appeal the trial court has no jurisdiction to enter an order discharging the receiver and approving his account and allowing him his expenses and fees as such receiver. In determining the correctness of this proposition, it should be noted that the order appointing the receiver was not superseded by the appeal. The appellants, un-

der the holding of the Supreme Court in Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.(2d) 113, had the right to supersede said order by the filing of a proper supersedeas bond. It is true the trial court undertook to deny this right, but it had no authority to make such an order. Its only authority was to fix the amount of such bond. In our opinion, the order above quoted was sufficient to fix the amount of the supersedeas bond, and if appellants had complied with the provisions of the statute by giving a proper bond in the amount as indicated by the trial court, the receivership proceedings would have been suspended by operation of law without the necessity of any order to that effect from the trial court. Revised Statutes, art. 2275; 3 Tex. Jur. 376; 3 C. J. 1274; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Blankenship v. Little Motor Kar Co. (Tex. Civ. App.) 224 S. W. 210. However, the filing of such a bond for the protection of the appellees was indispensable in order to invoke the benefits of the statute. The appellants did not file with the clerk, nor tender for filing with him, a supersedeas bond as provided by the statute so as to protect the appellees therein against any loss that they might sustain by suspending the powers of the receiver pending the appeal, and, as a consequence, by express provision of our statutes, the order appointing the receiver remained in full force pending appeal. Revised Statutes, arts. 2268 and 2250; 36 Tex. Jur. 142; Abilene Independent Telephone & Telegraph Co. v. Southwestern Telegraph & Telephone Co. (Tex. Civ. App.) 185 S. W. 356, par. 8.

■ Since the order appointing the receiver was not superseded, and, as a consequence, the trial court retained the right to handle or administer the property through the receiver pending the appeal, said court necessarily retained the right to make new interlocutory orders, or to change or amend existing ones appertaining to said receivership when, in the opinion of the court, such was necessary in order to preserve the property involved in the suit or the rights of the parties therein. 3 Tex. Jur. 371; 36 Tex. Jur. 79; Scales v. Grassman (Tex. Civ. App.) 261 S. W. 220; Ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303; Butts v. Davis (Tex. Civ. App.) 149 S. W. 741; Stone v. Stone, 18 Tex. Civ. App. 80, 43 S. W. 567; 3 C. J. 1268.

292

The right to make such interlocutory orders included the right to terminate the receivership when it appeared to the court that the facts no longer justified its continuance. 3 C. J. 1269, § 1386; Ex parte Hood, 107 Ala. 520, 18 So. 176; Baughman v. Superior Court, 72 Cal. 572, 14 P. 207.

We are also of the opinion that the trial court, upon termination of the receivership, had the right, and it became its duty to examine and approve the receiver's final account and to fix the amount of his fees and to order same paid. This was but an incident to the right of the trial court to administer the property through a receiver and to terminate such receivership proceedings. A receiver is the officer of the court that appoints him and derives all of his authority from its decrees and orders and is accountable to it alone for the faithful administration of his office, and where funds or property have come into his hands as such, he should be required to account therefor to the court that appointed him. 53 C. J. 366, par. 593; City Bank of Wheeling v. Bryan, 76 W. Va. 481, 86 S. E. 8, L. R. A. 1915F, 1219; 23 R. C. L. 135; State v. Germania Bank, 103 Minn. 129, 114 N. W. 651; Westinghouse Electric & Mfg. Co. v. Brooklyn Rapid Transit Co. (C. C. A.) 6 F.(2d) 547, par. 7. It is said that it is within the peculiar province and exclusive jurisdiction of the court appointing the receiver to adjust and settle his account. 53 C. J. 369, § 599. The adjustment of the receiver's account necessarily includes the fixing of the fees to be allowed him for his services as such. Such fees are a part of the court costs, Jones v. United States & Mexican Trust Co., 47 Tex. Civ. App. 430, 105 S. W. 328, and the court making the appointment and under whose directions the services have been performed is in a better position than any other court to determine the amount that should be allowed the receiver. The trial court, upon termination of the receivership pending appeal, properly required the receiver to report and was within its jurisdiction in approving said account and in allowing the receiver his fees.

It will be noted in this connection that the trial court did not undertake to determine who should ultimately be required to pay the receiver's fees, but merely authorized the receiver to retain same out of the funds in his hands and taxed said fee as a part of the court costs to abide the ultimate result of the suit.

Appellants' next contention is that since on appeal the plea of privilege was sustained and the cause ordered transferred to Gregg county, all orders entered by the trial court subsequent to the ruling by that court on the plea of privilege were void and must necessarily be set aside, and, as a consequence, the order approving the receiver's report and fixing his fees was void. It is true that if a plea of privilege is overruled and an appeal is taken, and, pending appeal, a trial is had on the merits, the judgment on the merits will be reversed on appeal if, in the meantime, the order overruling the plea of privilege has been reversed. Murray v. Snodgrass (Tex. Civ. App.) 71 S.W.(2d) 1110; O'Brien v. Smith (Tex. Civ. App.) 80 S.W.(2d) 459. It does not result from this, however, that all orders entered by the trial court pending the appeal on the plea of privilege are absolutely void, nor that all acts done by the officers of the court under such circumstances are void, and that no compensation can be allowed therefor. It has been held that, during the pendency of such an appeal, the trial court retains the right to try the case on its merits. Rev. St. art. 2008; Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253; Martin v. McKean & McNeal (Tex. Com. App.) 257 S. W. 241. Its judgment under such circumstances is not void, but is merely voidable, and subject to be set aside in the event of an appeal. It would be an anomaly to hold that the trial court could rightfully proceed with the trial on the merits pending an appeal from an order overruling the plea of privilege and at the same time hold that in the event of a reversal of the order overruling the plea of privilege, those officers who had aided the court in the trial on the merits, or in preserving the property in the meantime, should go without compensation. It would be difficult to secure the services of officers under such uncertain conditions. Espuela Land & Cattle Co. v. Bindle, 11 Tex. Civ. App. 262, 32 S. W. 582. It would likewise be unreasonable to hold that such officers should follow the proceedings into another court in a foreign jurisdiction in order to have their fees fixed and taxed as a part of the court costs. We overrule this contention and hold that, notwithstanding the reversal of the order on the plea of privilege, this

did not invalidate the order of the trial court theretofore entered allowing the receiver his fees and taxing the same as a part of the court costs.

■ Appellants' next contention is that since the Supreme Court has held that the trial court erred in appointing a receiver, it necessarily results that the trial court was without jurisdiction to allow such receiver his fees and expenses out of the funds in his hands. The appointment of a receiver under the circumstances was within the potential jurisdiction of the trial court. Therefore, its order appointing such receiver was not absolutely void. Under such circumstances, it is the well-established rule that the receiver is entitled to have his fees taxed as costs as a charge against the funds in his hands even though it has since developed that the trial court was in error in appointing a receiver. Revised Statutes, art. 2299; 36 Tex. Jur. 255, §§ 131 and 132; New Birmingham Iron & Land Co. v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828; New Birmingham Iron & Land Co. v. Blevins (Tex. Civ. App.) 40 S. W. 829; Espuela Land & Cattle Co. v. Bindle, 11 Tex. Civ. App. 262, 32 S. W. 582. We recognize that an injustice may sometimes be suffered by a defendant by the application of this rule, for if the trial court improperly appoints a receiver who takes charge of and administers on property rightfully belonging to the defendant and pays the receiver his fees out of the proceeds thereof and afterwards the plaintiff loses the case and is unable to pay the court costs, including the receiver's fees, the defendant will be compelled to bear the receiver's costs without any fault on his part; but this is a controversy between the parties to the suit and is no concern of the receiver who has merely handled the property at the request of the court. The receiver is an officer of the court and is entitled to retain his fees out of the proceeds of the property that has come into his hands regardless of who is to blame for the receivership proceedings. It may be that the Legislature should require plaintiff to post a bond for the protection of the defendant as a condition precedent to the right to take charge of the property involved in the suit through a receiver as is required of one who dispossesses a defendant through an attachment or sequestration, or that the trial court, in the exercise of its general equity pow-

ers, should make such demand, as was suggested in Magnolia Petroleum Co. v. Zeppa (Tex. Civ. App.) 70 S.W.(2d). 777, par. 3; but in the absence of such statute or demand by the trial court, the failure to give such bond or otherwise protect the defendant in nowise affected the right of the receiver to his fees. This assignment of error is overruled.

We have considered all other assignments, and find them without merit.

The judgment of the trial court is affirmed.