### TAYLOR et al. v. TAYLOR et al.
#### No. 4527.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1936.

W. Marcus Weatherred, of Coleman, for appellants.

Baker & Baker and Critz & Woodward, all of Coleman, for appellee, Mrs. Lily Small.

J. B. Dibrell, Jr., of Coleman, for appellee S. H. Gray.

HALL, Chief Justice.

This case seems to be a hangover from the case of Taylor v. Small et al. (Tex. Civ.App.) 71 S.W.(2d) 895, to which reference is made for a better understanding of the issues presented here.

On December 22, 1927, Mrs. Virginnie Taylor conveyed in fee to Mrs. Lily Small, her daughter, and Mrs. Beulah Taylor, widow of her son, 960 acres of land adjacent to the town of Coleman, which was valued by Mrs. Virginnie Taylor at $96,000. June 28, 1928, she conveyed to her only living son, Fred Taylor, a business house in the town of Coleman, and conveyed to his three children three tracts of land in Concho county, Tex., in all of which property she reserved a life estate.

On July 10, 1928, Mrs. Small, a resident of Oklahoma, filed this suit, purporting to act as next friend for Mrs. Virginnie Taylor, seeking to cancel the deeds which Mrs. Taylor had executed to Fred Taylor and his children, alleging that Mrs. Virginnie Taylor was of unsound mind, and that these deeds were procured by the undue influence of Fred Taylor and his children, and were not in fact executed by Mrs. Taylor, alleging that the property so conveyed to Fred Taylor was of the value of $15,000, and the two tracts which had been conveyed to his children were of the value of $8,500 each, the aggregate value of the property conveyed to Fred Taylor and his children being $32,000.

Mrs. Small, as next friend, prayed for the cancellation of these deeds, and alleged that Fred Taylor for many years had managed, controlled, and appropriated the property of Mrs. Taylor, and would continue to do so unless restrained; that Mrs. Taylor owned a large estate, consisting of notes and personalty, and was shortly to receive a collection of $10,000 on notes which would be received and collected by Fred Taylor, unless restrained by the court, and said sum misapplied by him, and the said Virginnie Taylor deprived thereof. That by reason of the conflicting claims of the plaintiff, Mrs. Virginnie Taylor, and of said defendants, to said property and to other property, real and personal, including lands, notes, money, and income, rents, and revenues of every kind, it is necessary for the protection of the rights of plaintiff and all parties that said property should be placed in the hands of a receiver, pending the final determination by the court as to the ownership of same and, of the person entitled to possession, control, and disposition thereof, and in order to prevent the same being wasted, misapplied, misappropriated, or unlawfully used by the defendants, or any of them, and that plaintiffs are without any adequate remedy at law to protect plaintiffs' rights to said property so conveyed, or other property which has not been conveyed, but which is in the possession and control of the defendants. That plaintiff is entitled to have a receiver appointed for said property and each item of the same, and to have defendants and each of them restrained, during the further pendency of this suit, from disposing of the same, or any part thereof. There was also a prayer for temporary injunction, and the immediate appointment of a receiver.

On presentation of the petition, and without notice, the court granted a temporary injunction restraining defendants from disposing of any of said property, and from exercising any control over the same, and appointed S. H. Gray receiver, with authority:

"To take charge, control and custody of said property, real and personal, including the land and premises in question, and including all monies and personal property of every kind belonging to the said Mrs. Taylor, and hold the same and dispose of the same upon the orders of this Court.

"It is further ordered by the Court that said receiver shall have authority to use so much of the funds or property of the said Mrs. Virginnie Taylor as shall be necessary or proper for her support and maintenance, and he is also authorized, upon so qualifying, to receive and collect any notes or other indebtedness due to her estate— and to receive and collect the rents and revenues from all her real and personal property, and to hold the same subject to the further orders of this Court and the Judge thereof, and to use so much. of said estate as is reasonably necessary to preserve and care for the same during the pendency of this suit, until further orders of this Court."

On August 7, 1928, defendants filed a motion to vacate the receivership and dissolve the injunction, and filed an answer, under oath, categorically denying each of the allegations of the petition of said next friend.

On August 23, 1928, Mrs. Virginnie Taylor, pro se, filed her own answer in this cause, alleging that this suit was brought by Mrs. Lily Small without her knowledge and consent, and denying that Mrs. Small had any authority to file it, and alleging her mental soundness, and fully ratifying the deeds in controversy, and adopting the answers and motions of the defendants in toto, and on May 3, 1929, filed another answer of like import.

On the hearing to dissolve and vacate, held before Judge M. S. Long of the Forty-Second district, who was duly appointed to hear same, the order appointing the receiver was continued in full force and effect, and the injunction was dissolved, except in so far as it restrained defendants from disposing of the lands in controversy; said hearing having been held on August 22 and 23, 1928. No appeal was taken from this order. This is a significant fact bearing upon the issue of the necessity for an injunction and a receivership.

On August 25, 1928, Mrs. Taylor made her will, wherein she bequeathed to each of the persons taking part against her in this cause, including Mrs. Lily Small, the sum of $5, and to a granddaughter, Mrs. Lula Whitten, who took no part in the suit, the sum of $5,000, leaving all the rest of her property, except for a few bequests to the children of Fred Taylor, to Fred Taylor himself, appointing him independent executor, without bond.

Mrs. Virginnie Taylor died July 9, 1931, and on August 11, 1931, Fred Taylor filed application to probate the will of Mrs. Virginnie Taylor, and the same was contested by Mrs. Lily Small, Vivian Taylor, Mrs. Virginie Marie Newsome, Frank W. Taylor, Mrs. Elfreda Pirtle, and Mrs. Lula Whitten, and said will was admitted to probate on May 9, 1934, in cause No. 7967 on the docket of the Court of Civil Appeals for the Third district of Texas, and writ of error was denied by the Supreme Court. Taylor v. Small, 71 S.W.(2d) 895.

January 2, 1935, Fred Taylor, as executor of the will and estate of Mrs. Virginnie Taylor, deceased, filed his petition in intervention in this case, and moved the court to vacate the receivership and dissolve the injunction and dismiss this suit at the cost of Mrs. Lily Small; whereupon S. H. Gray, receiver, filed his report and application for discharge, praying for his allowances and commissions and compensation for his services as receiver in the sum of $5,752.55, being 5 per cent. on all moneys alleged to have been collected and 5 per cent. on all moneys disbursed by him.

The intervener and defendants in said cause excepted to said report and account, and to each item thereof, and alleged that the appointment of such receiver was resisted by Mrs. Virginnie Taylor and the defendants in this cause, and that all proceedings and the appointment of said receiver were void ab initio, and that the court had no jurisdiction of this cause as Mrs. Virginnie Taylor was of sound mind at the time of the execution of the deeds in question, and that suit could not be filed or prosecuted by next friend for a person of sound mind, and that said decision in said cause No. 7967, supra, was res judicata of this cause, and praying that the injunction be dissolved and the receivership be vacated and this cause be dismissed, and that no fee or commissions be allowed the receiver as against the defendants or intervener, and that in the event they were allowed that same be taxed over against Mrs. Lily Small, and that the executor have judgment over against Mrs. Lily Small for a like sum.

Issues were joined by Mrs. Lily Small and by the receiver as against said intervener, and upon hearing thereof the court entered judgment dissolving the injunction and vacating the receivership and dismissing this suit at the cost of intervener, but awarding to the receiver commissions and compensation in the sum of $2,501.29 to be retained by him out of the property in his hands belonging to the estate of Mrs. Virginnie Taylor, deceased, and denying defendants and intervener any judgment over against Mrs. Lily Small for same. From said judgment this appeal is prosecuted.

This case became moot when the will of Mrs. Virginnie Taylor was probated, and that action of the county and district courts had been affirmed by the Court of Civil Appeals. It was originally instituted to cancel the deeds which Mrs. Taylor had made to her son and to his children. After its institution, Mrs. Taylor, by will, disposed of her entire estate, reserving, however, a life estate in all the property. Upon her death her property passed to the various devisees and legatees. The will having disposed of her entire estate, and her disposition of the property having been approved by the Court of Civil

Appeals, there remained nothing to litigate, so the case is before us principally upon a question of costs, mainly receiver's fees.

 Complaint is made of the fact that the trial court made findings of fact which were recited in the judgment, and upon which findings the court's action in taxing the costs is predicated. This was proper. Revised Statutes, article 2066, provides that when the court taxes the costs otherwise than against the party cast in the suit, his reasons for so doing shall be stated in the judgment. These reasons are set out at considerable length. Appellant has summarized them correctly, as follows:

Since this suit was instituted, and on July 9, 1931, Mrs. Taylor died testate, and her will had been probated by the Court of Civil Appeals at Austin, and the mandate of that court duly certified to the district court; that Fred Taylor, who was the independent executor of her will, had declined to prosecute this suit, and during the three trials of the case prior to the death of Mrs. Taylor he had declined individually to prosecute this suit, and the suit had become moot by reason of Mrs. Taylor's death and the probate of her will; this cause was originally filed by Mrs. Small by next friend, and subsequently prosecuted by her in good faith, and upon what appeared to her to be reasonable grounds; that the appointment of a receiver by Honorable J. O. Woodward, district judge, July 13, 1928, had been confirmed in a judicial hearing before Honorable M. S. Long, judge of the Forty-Second district, he having been designated and appointed by Judge Woodward, all of which amounted to a judicial determination of the propriety of said receivership and of the fact that it was for the best interest of the estate, and the trial court so held in said judgment that the court was of the opinion that said receivership had been to the best interest of said estate and of the preservation of the same, and that the trial court in this case had heard the evidence upon two jury trials where there were hung juries on the issue of her sanity, and that there had been a third trial which he did not hear, but which also resulted in a hung jury upon said issue, and from said facts and the court's own knowledge of the case from hearing the testimony, there was reasonable grounds for the filing and prosecution of this suit. These reasons justify the court in taxing the costs, as was done.

We may add that Gray acted as receiver for more than six years, and while the financial transactions of the estate passed through the bank of which he was active vice president, they necessarily had to be approved by him and called to his consideration. The record discloses that the appellant's sisters did not have any too much confidence in his integrity and his inclination to deal fairly with them and with the estate. This, of course, increased the responsibility resting upon the receiver, and the office was one which required a man of skill, ability, and experience to successfully handle the affairs of such an estate which had been principally administered by the appellant, and who, during the pendency of the receivership, had more or less to do with the personal effects.

We have no statute in Texas fixing a schedule of fees by which the trial court is to be governed in awarding compensation to receivers. This question is discussed in 53 C.J. 386, 387, §§ 628, 629, as follows:

"628. Aside from statutes fixing a prescribed commission as compensation, no fixed, inflexible, and inelastic rule for determining the amount of compensation to be allowed a receiver has been, or, from the nature of the case, can be, established. The governing principle is that the compensation allowed a receiver should be measured by the reasonable value of his services; the court may and must allow him reasonable compensation; and he is entitled to that, and no more, unless the case is within a statute establishing a fixed rate which, under the circumstances, may be more than reasonable compensation. All of the material facts and circumstances of the particular case are to be considered.

"629. There are numerous considerations to be taken into account in fixing the amount of the compensation of a receiver. The considerations that should be controlling with the court in fixing compensation are the nature, extent, and value of the property or estate administered, the complications or difficulties encountered, the time spent, the knowledge, experience, labor and skill required of, or devoted by, the receiver, the diligence and thoroughness displayed, the responsibilities assumed, and the appreciation evidenced as to such responsibilities. On the other hand, the amount of a receiver's compensation does not depend upon the demands made upon

his time by private business, nor upon the estimates that persons who are themselves in receipt of an ample income may put upon his services from the standpoint they occupy; * * * consideration is to be given to his fitness, and his business and financial experience."

Appellant further contends that the appointment of the receiver was not warranted and was wrongful in its incipiency, because Mrs. Taylor, with the assistance of her son, the appellant, was fully capable of managing her estate, which it seems exceeded the taxable value of $51,000, and for this reason the receivership was unnecessary, and no compensation should have been awarded him.

■ The general rule is that the receiver is entitled to reasonable compensation, to be taxed as costs against the property and funds in receivership, and that without regard to the result of the litigation, and irrespective of the right of either party to recover costs of court against his adversary. Espuela Land & Cattle Co. v. Bindle, 5 Tex.Civ.App. 18, 23 S.W. 819; Id., 11 Tex.Civ.App. 262, 32 S.W. 582; Payne v. Little Motor Kar Co. (Tex.Civ.App.) 266 S.W. 597; Rex Refining Co., Inc., v. Morris (Tex.Civ.App.) 72 S.W.(2d) 687; Id. (Tex.Civ.App.) 75 S.W.(2d) 156; New Birmingham Iron & Land Co. v. Blevens, 12 Tex.Civ.App. 410, 34 S.W. 828; New Birmingham Iron & Land Co. v. Blevins (Tex.Civ.App.) 40 S.W. 829; Ellis v. Vernon Ice, Light & Water Co., 4 Tex.Civ. App. 66, 23 S.W. 856; Id., 86 Tex. 109, 23 S.W. 858; 36 Tex.Jur. 255, § 131; Id., 259.

■ Whether a receiver will be appointed, and the matter of his compensation, are matters within the sound discretion of the trial court, and his action will not be reversed unless there has been an abuse of such discretion. No abuse is shown here. Although the jury in the other case decided that at the time Mrs. Virginnie Taylor executed the deeds conveying the lands to Fred Taylor and his children she was sane, and notwithstanding the affirmance of that judgment by the Court of Civil Appeals, it still does not establish Mrs. Virginnie Taylor's mental status at the time the court heard the motion to dissolve the injunction and discharge the receiver. The correct rule is that a judgment of sanity or insanity is not res judicata at a prior or subsequent date to that of its determination. Lindsay v. Woods (Tex.Civ.App.) 27 S.W.(2d) 263; Mitchell v. Inman (Tex.Civ.App.) 156 S.W. 290; Rowan v. Hodges (Tex.Civ.App.) 175 S.W. 847; Whitfield v. Burrell, 54 Tex.Civ.App. 567, 118 S.W. 153.

The verdict and judgment adjudging Mrs. Taylor's mental status as being sound was not binding upon either Judge Long or Judge Miller, who finally tried this case.

■ The motive of Mrs. Small in instituting this suit is assailed as being unworthy and fraudulent, but the record does not support this contention. There is no proof of fraudulent intent, and fraud is never presumed in the absence of evidence. Each of the three district judges, notwithstanding the verdict of the jury, was sufficiently convinced of her mental unsoundness to refuse to dissolve the injunction entirely and vacate the receivership. The fact that there had been three hung juries upon the issue of her mental condition raises a question as to the correctness of the final verdict.

■ In a brief of 60 pages, the appellant has attacked various items and charges made by the receiver in his report and claim for compensation. There is no necessity of discussing these various items, and it may be admitted that he was not entitled to recover upon several of them, and that the compensation claimed as to certain other matters is excessive. He claimed the sum of $5,752.55. The court has allowed him less than half of that sum, and we may reasonably assume that the court failed to allow the items of which the appellant complains. The award of compensation was made in a lump sum, which is permissible.

We find no reversible error, and the judgment is affirmed.