**Hugh MANNING, Appellant,**

v.

**A. C. LESHER, Jr., et al., Appellees.**

No. 12985.

Court of Civil Appeals of Texas.

Galveston.

May 3, 1956.

James B. Turner, Houston, for appellant.

A. C. Lesher, Jr., Houston, for appellees.

GANNON, Justice.

Appellant, Hugh Manning, an attorney at law, was plaintiff in the trial court, which was the 11th District Court of Harris County. He complains here of an order of that court sustaining pleas of abatement filed by the defendants and dismissing his suit. Defendants were Carolyn Schaffer, her former husband, Herman Schaffer, Leonard H. Scott, described in the petition as "presumed husband of Carolyn Schaffer," and A. C. Lesher, Jr., who was sued individually and as receiver pursuant to appointment in an earlier suit in the 129th District Court of Harris County, No. 451,151 styled Carolyn Schaffer v. Herman Schaffer.

All defendants filed pleas in abatement directed to the jurisdiction of the District Court based on lack of requisite jurisdictional amount in controversy. Defendant Lesher, in his capacity as receiver, included in his plea as an additional grounds for abatement the claim that only the court which had appointed him as receiver could properly entertain the claims which plaintiff asserted against Lesher in his official capacity.

The order of the trial court sustaining the pleas in abatement and dismissing the case recites that the pleas were sustained "after hearing argument of counsel thereon." We infer from the recitations of the dismissal order that no evidence was offered at the hearing on the pleadings.

Though it is not altogether clear from the petition, we gather that the defendants, Carolyn Scott, formerly Carolyn Schaffer, and Herman Schaffer were at one time husband and wife, but that they were legally divorced in suit No. 437,301, styled Carolyn Schaffer v. Herman Schaffer, in the 129th District Court of Harris County. We further gather from the record that the divorce decree did not dispose of certain community property owned by Carolyn and Herman Schaffer at the time of their divorce consisting of an equity in a residence located on Lot 7 of Damon Courts Addition in Harris County, Texas, and various household furnishings located thereat; and that subsequent to the divorce decree the defendant Carolyn Schaffer Scott employed plaintiff, Hugh Manning, to effect a partition of the community property voluntarily, if possible, and if not, by court proceedings.

The petition alleges such employment by Carolyn Schaffer on the basis of the advancement by her of a $16 court cost deposit, Mr. Manning's fee to be $50, payable $5 down. A memorandum agreement attached to the petition contains a reference to the divorce case, a description of the real

property and an itemization of the furnishings. The memorandum agreement includes the "permission and authorization" by Carolyn Schaffer "as co-tenant of the property to sell same and receive a standard Five Percent (5%) Real Estate Commission."

The petition alleges the foregoing employment and an oral amendment to make the $50 fee $75 "out of the proceeds of the sale of the real and personal property together with the real estate commission, making a total of $75.00 plus 5% of the sale price." It is alleged that the defendant, Leonard H. Scott, subsequently bound himself to the foregoing understandings.

It is next alleged that plaintiff, Hugh Manning, filed suit No. 451,151, styled Carolyn Schaffer v. Herman Schaffer in the 129th District Court of Harris County. Apparently this was a partition suit. The petition alleges efforts to negotiate a settlement of the partition proceedings, which apparently resulted in the appointment by the 129th District Court in suit No. 451,151 of the defendant, A. C. Lesher, Jr. as receiver, the appointment occurring on June 13, 1955, in the presence of plaintiff, Carolyn Schaffer and her former husband, Herman Schaffer, as well as that of the receiver Lesher. It is alleged that at the prompting of the court, plaintiff, the Schaffers and the receiver went to the receiver's offices where it was developed plaintiff had advertised for bids for the property at an expense of $18.40 and had obtained a cash bid of $6,522.85; that upon learning of the bid the receiver proposed to accept it; that it was explained to the defendants, the Schaffers, that any action they took would have to be subject to the approval of the court. The Schaffers thereupon decided upon a voluntary settlement of the partition proceedings; whereupon, at the request of the defendant Lesher, plaintiff prepared the necessary papers, including an order of dismissal of the receivership suit. It is further alleged that it was contemplated that after the papers were signed they were to be submitted to the Court for approval and that if approved, Carolyn Schaffer would pay to plaintiff Manning $400, being $75 plus a commission of $325, the latter being 5% of the cash bid which was being turned down in favor of a voluntary settlement. The foregoing is confused in the petition by an additional allegation that Carolyn Schaffer was to pay plaintiff $470 on closing the voluntary partition; however, this is immaterial as both amounts, namely, $400 and $470, are below the jurisdiction of the District Court.

It is next alleged that the parties went ahead and effected their voluntary settlement with the approval of the court, but that Carolyn Schaffer, Herman Schaffer and Leonard H. Scott, as well as the receiver, ignored the plaintiff after he had drawn the papers necessary to closing the transaction and that his fee and commission have never been paid him. It is alleged that throughout all parties-defendant were aware of plaintiff's employment and the basis thereof, as well as of his efforts and that the receiver and the other parties "adopted the results of the efforts of plaintiff in their calculations and as a basis" for the voluntary settlement of the partition proceedings. Such settlement was on the basis of payment by defendant Carolyn Schaffer Scott to Herman Schaffer of cash for his interest in the property.

Plaintiff's petition sought recovery of $400 plus interest and costs from all defendants, as well as recovery of an attorney's fee of $250. The allegations concerning the employment of an attorney do not show compliance with the provisions of art. 2226, V.A.T.S.

The liability of Lesher personally and as receiver is alleged to flow from his acquiescence in the breach by the other defendants of their agreement to pay plaintiff his fees and commission, it being further claimed that participation by Lesher individually and as receiver in the voluntary settlement in the partition suit "proximately caused Plaintiff to lose his compensation and further deprived Plaintiff of a source—the funds realized from the sale of the property for the cash bid—of payment in lieu of any other means of recovery of his compensation."

As a part of the relief sought by him, plaintiff prayed that Herman Schaffer's deed of his interest in the property to his former wife, Carolyn Schaffer, be set aside "as being given in violation of the Existence of the property in Receivorship."

Other allegations assume the continuance of the receivership and ask that Lesher be required to give a full accounting of his receivership and that he then be removed. There was prayer for the appointment of a new receiver and that the new receiver be required to consider all existing bids for the property and if necessary, secure new ones. The petition includes the following: "Further Plaintiff prays that since the existing Receivor A. C. Lesher, Jr., adopted in his consideration of the handling of the property entrusted to his care as Receivor the results and the fruits of the efforts of Plaintiff in securing a buyer or buyers for the property that the Property now in Receivership in Suit No. 451,151, 129th District Court, Harris County, Texas, be debited and there be made as a lien or liens on said property to attach to same the Real Estate Commission of Plaintiff in the amount of $325.00; or in the alternative the reasonable and necessary expenditures of $18.40 for Advertising Costs which resulted in the bids which were adopted by Receivor in his considerations. And further Plaintiff asks that since the Deed, Bill of Sale and Order were prepared at the request of Receivor by Plaintiff as professional services that the property the subject of the Receivorship be subject to the Claim and as a lien on same of the Sum of Thirty-Five and no/100 the same being reasonable and necessary Attorney's Fees for such work. And Plaintiff further prays that any Receivor appointed as a Successor to the Present Receivor A. C. Lesher, Jr., be ordered by the Court to recognize such claims, any and all."

The question before us is whether plaintiff can maintain the foregoing independent suit in the 11th District Court of Harris County. It was not filed in the receivership proceedings pending in the 129th District Court of Harris County. Though it is alleged in the pleas in abatement that the receivership proceeding in No. 451,151 in the 129th District Court was dismissed by order entered June 14, 1955, two days before the filing of plaintiff's independent suit No. 453,454 in the 11th District Court of Harris County, we take it plaintiff is bound by his allegations that the property involved is "now in receivership in Suit No. 451,151, 129th District Court, Harris County." The issue before us is possibly no different than had plaintiff filed his independent suit under a different number in the 129th District Court. See Boyles v. Cohen, Tex.Civ.App., 230 S.W.2d 604.

■ In the oral argument plaintiff concedes he is not entitled to recover attorney's fees and admits that the money value of the controversy is below $500. Such attorney's fees do not appear from the petition to be recoverable since there is no allegation of compliance with Article 2226, V.A.T.S. See United States Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289. Insupportable allegations seeking to recover attorney's fees are not to be taken into consideration in determining the amount in controversy for jurisdictional purposes. Askey v. Oliver Chilled Plow Works, Tex. Civ.App., 57 S.W.2d 210. This is apparently an exception to the general rule that jurisdiction is to be determined from the allegations in the petition. That a petition is subject to a general demurrer ordinarily does not affect jurisdiction. Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810; Ainsworth v. Oil City Brass Works, Tex. Civ.App., 271 S.W.2d 754.

In the oral argument, plaintiff further conceded that he was not entitled to have the deed from Herman Schaffer to his former wife set aside. Thus, in the argument plaintiff, through his counsel, limited his claim that the petition presented a matter cognizable in a District Court other than the receivership court to the proposition that plaintiff sought to have the property in receivership "debited" and that "there be made as a lien or liens on said

property to attach to same the real estate commission of plaintiff in the amount of $325, or in the alternative the reasonable and necessary expenditures of $18.40 for advertising costs which resulted in the bids which were adopted by the receiver in his considerations," and to his claim of a lien on receivership property to secure his quantum meruit claim of $35 as attorney's fees for work in preparing the settlement papers used by the parties in effecting their voluntary settlement.

Plainly the amount sued for is not sufficient of itself to confer jurisdiction on a district court of an independent suit such as that filed by plaintiff. Since plaintiff's effort to set aside the deed has been abandoned, we need give no further consideration to that phase of the petition.

■ It is true that a district court has jurisdiction of any suit to foreclose a lien on real property and this without regard to the amount secured by such lien. No other court has jurisdiction to foreclose such liens. But in the instant matter, plaintiff does not allege or claim an *actually existing* lien to secure any part of any amount for which he sues. On the other hand, he merely asks that these amounts be established, apparently on the theory of benefits to the receivership, as liens on the property. The plaintiff does not distinguish between the real property and the personal property, nor does he allege the value of the personal property.

On any theory evidenced by the petition, plaintiff's prayer for the establishment of a lien is based on the allowance of his claims as costs of the receivership.

■■ The taxation of such costs, even were the receivership court to allow them as such, and the manner of their collection would be a matter entirely within the discretion of the trial court. Payne v. Little Motor Kar Co., Tex.Civ.App., 266 S.W. 597, and 36 Tex.Jur., Receivers, page 255, Sec. 131, et seq. It would have been within the discretion of the trial court, on the finding of solvency of any one of the parties, to have denied a lien on any part of the property. Again, even had the court recognized plaintiff's claims as legitimate costs of receivership and had he felt plaintiff entitled to a lien to secure same, he might, at his discretion, have limited the lien to the personal property involved, leaving the real property free and clear of liens to secure the costs of receivership. We are unable to read the petition as one seeking the foreclosure of an actually existing lien on real property. Failing that, and since the money recovery sought by plaintiff is clearly below the jurisdiction of the district court, we know of no theory upon which he could maintain suit in such court. This would be true, we think even had plaintiff filed his independent suit in the 129th District Court, the court in which the receivership proceeding was pending. We think the trial court properly sustained the pleas in abatement because of want of jurisdiction.

Without passing on the question, we do not wish anything contained in this opinion to be taken as foreclosing plaintiff from filing a motion in the receivership proceedings to have the items for which he sues recognized as legitimate costs of the receivership and established as a lien in whole or in part upon the property in receivership; but, on the other hand, we do not by this mean in the least to indicate that we consider the items sued for under the facts alleged as proper items to be taxed as such costs. This we leave to future determination should the matter reach us again on appeal.

Affirmed.